GUILFORD P. BRAY *vs.* JOHN B. KETTELL & another.

An agent is not personally responsible on contracts entered into by him on behalf of a foreign principal, if it appears that in point of fact exclusive credit was given to his principal; and if the contract was in writing, and clear and unambiguous in its terms, the intention of the parties must be gathered from it alone, without resorting to other facts and circumstances to vary its construction and legal effect.

A written agreement signed "A. B., by C. D., agent," does not bind the agent personally, although the principal resides beyond seas.

CONTRACT, brought by the master of the schooner Moro, on a charter-party executed in the city of New York, and signed on the part of the charterers as follows:

"We agree to the above and will furnish cargo and pay freight accordingly, and hereby bind ourselves as above.

"Albert Freestone Quarries, by Kettell, Collins & Co., Agents.

"Per A. W. Bowman, Att'y."

The defendants, Kettell, Collins & Co., admitted the authority of Bowman to sign their names to the charter-party as agents. At the trial in this court, it was proved or admitted that there was not, at the time when the charter-party was executed, any corporation or company having the name of "Albert Freestone Quarries." But it was also proved or admitted that Christopher D. Archibald, of London, a British subject, was then the proprietor of certain quarries in the province of New Brunswick, styled "Albert," and that he was in the habit of using the name "Albert Freestone Quarries" in transacting business respecting his quarries; and that about a year afterwards a corporation by that name was established in New Brunswick. A paper, by which said Archibald appointed the defendants his agents, dated August 9 1856, was introduced in evidence; but it did not appear that the plaintiffs knew of this paper, or knew that Archibald was the party intended by the words "Albert Freestone Quarries."

A breach of the contract contained in the charter-party having been proved, *Metcalf*, J., ruled, for the purpose of ascertaining the damages, that the plaintiff was entitled to maintain this

Bray *v.* Kettell & another.

action; and a verdict was taken by consent for the plaintiff, sub-ject to the opinion of the whole court, upon the question of the defendants' liability upon the facts above reported.

*W. Brigham,* for the defendants. 1. The question is not open whether the principal was sufficiently disclosed. If that ques-tion were open, the signature to the contract was enough to put the plaintiff on inquiry. *Kennedy* v. *Green,* 3 Myl. & K. 699, 719, 721, 723. Sugden on Vend. 1052.

2. This contract must be governed by the law of New York; and the New York decisions as to the liability of agents make no distinction between domestic and foreign principals. *Kirk-patrick* v. *Stainer,* 22 Wend. 244. *Taintor* v. *Prendergast,* 3 Hill, 72.

3. Wherever such a distinction is made it rests upon some local custom.

4. By the latest and best authorities it is held to be a question of intention, to be determined by the contract itself. *Mahony* v. *Kekulé,* 14 C. B. 390. *Green* v. *Kopke,* 18 C. B. 549. Paley on Agency, 248, note. *Lennard* v. *Robinson,* 5 El. & Bl. 125. *Al-cock* v. *Hopkins,* 6 Cush. 484. *Jenkins* v. *Hutchinson,* 13 Q. B. 752. *Wilson* v. *Zulueta,* 14 Q. B. 416. *Rogers* v. *March,* 33 Maine, 106. *Trueman* v. *Loder,* 11 Ad. & El. 389. 1 Amer. Lead. Cas. (4th ed.) 639.

*S. H. Phillips,* for the plaintiff. 1. Agents of foreign princi-pals in mercantile transactions are directly liable, whether de-scribing themselves as agents or not. This doctrine is in con-formity with the general usage of trade, and is founded in public policy and convenience, and in the safety, if not necessi-ties, of commerce. *M'Kenzie* v. *Nevius,* 22 Maine, 138. *New-castle Man. Co.* v. *Red River Railroad,* 1 Rob. (La.) 145. *Ad-dison* v. *Gandassequi,* 4 Taunt. 574. *Paterson* v. *Gandasequi,* 15 East, 68. *De Gaillon* v. *L'Aigle,* 1 B. & P. 368. *Thomson* v. *Davenport,* 9 B. & C. 78, 87. *Smyth* v. *Anderson,* 7 C. B. 33. *Merrick's Estate,* 5 Watts & S. 9, 10. 1 Parsons Con. 81. Story on Agency, §§ 268, 290.

2. There is a strong legal presumption that, as a question of intention, credit is given exclusively to the agent in such cases.

*Cooke* v. *Wilson,* 1 C. B. (N. S.) 164.   *Longbottom* v. *Rodgers,* 2 M. & Gr. 427.

BIGELOW, C. J.   This action is brought to recover damages for a breach of a written contract of affreightment entered into by the defendants in behalf of one Charles D. Archibald, doing business under the name and style of the " Albert Freestone Quarries," and executed by signing the same with the business name of their principal by themselves as agents.   The only question in the case is, whether the defendants can be held liable on this contract.

The plaintiff does not controvert the general rule of law, that an agent is not personally responsible upon an instrument executed in the name of his principal.   But he rests his claim against the defendants upon the ground that the present case falls within a recognized exception to the rule, because the defendants acted, in making the contract, in behalf of a foreign principal, resident " beyond seas."   It is certainly true that some of the earlier English cases seem to sanction the doctrine, that where an agent acts for a foreign principal, the presumption is that credit is given exclusively to the agent, and he only is liable on contracts entered into in the name and on behalf of his principal.   *Gonzales* v. *Sladen,* Bul. N. P. 130.   *De Gaillon* v. *L'Aigle,* 1 B. & P. 368. *Thomson* v. *Davenport,* 9 B. & C. 87.   *Smyth* v. *Anderson,* 7 C. B. 21.   The same doctrine is stated in Paley on Agency, (4 Amer. ed.) 248, 2 Livermore on Agency, 249, and especially in Story on Agency, §§ 268, 290, where it is enunciated as a general rule that agents acting for merchants residing in a foreign country are held personally liable on all contracts made by them for their employers, and this without any distinction whether they describe themselves in the contract as agents or not.   We are inclined to think that a careful examination of the cases which are cited in support of this supposed rule will show that this statement is altogether too broad and comprehensive.   Certain it is, that if it ever was received as a correct exposition of the law, it has been essentially modified by the more recently adjudged cases.   It doubtless had its origin in a custom or usage of trade existing in England, by which the domestic factor or

agent was deemed to be the contracting party to whom credit was exclusively given; and it was confined to cases where the claim against the agent was for goods sold, and was not extended to written instruments. But it is going quite too far to say that this usage or custom is so ingrafted into the common law as to become a fixed and established rule, creating a presumption in all cases that the agent is exclusively liable, to the entire exoneration of his employer. The more reasonable and correct doctrine is that, when goods are sold to a domestic agent or a contract is made by him, the fact that he acts for a foreign principal is evidence only that the agent and not the principal is liable. It is in reality, in all cases, a question to whom the credit was in fact given. Where goods are sold, it is certainly reasonable to suppose that the vendor trusted to the credit of a person residing in the same country with himself, subject to laws with which he is familiar, and to process for the immediate enforcement of a debt, rather than to a principal residing abroad, under a different system of laws, and beyond the jurisdiction of the domestic forum. But even in such a case, the fact that the principal is resident in a foreign country is only one circumstance entering into the question of credit and is liable to be controlled by other facts. So in the case of a written contract; it depends on the intention of the parties. But this, as in all other cases of written instruments, must be determined mainly by the terms of the contract. There may be cases where the language of the contract is ambiguous, and it is doubtful to whom the parties intended to give credit, in which the circumstance that the principal is resident abroad may be taken into consideration in determining the question of the liability of the agent. But where the terms of the contract are clear and unambiguous, it must be deemed the final repository of the intention of the parties; and its construction and legal effect cannot be varied or changed by any reference to facts or circumstances affecting the convenience of the parties or the reasonableness of the contract into which they have entered. In such a case, therefore, it makes no difference whether the principal is a foreigner or not. If by the language of the contract the agent and not the princi-

pal is bound, such must be its construction; and, on the other hand, if it clearly binds the principal, and is in form a contract with him only, the agent must be exonerated, without regard to the fact that the principal is resident in a foreign country. This rule can work no hardship, because parties can in all cases make their contracts in such form as to bind those to whom they intended to give credit. *Mahony* v. *Kekulé,* 14 C. B. 390. *Green* v. *Kopke,* 18 C. B. 549. *Lennard* v. *Robinson,* 5 El. & Bl. 125. *Kirkpatrick* v. *Stainer,* 22 Wend. 244. 2 Kent Com. (6th ed.) 631, note. Paley on Agency, (4th Amer. ed.) 248, note.

These principles are decisive of the case at bar. The written contract on which the plaintiff relies contains no words from which any intent to bind the defendants can be inferred. On the contrary, it is executed in the precise form required by law to bind the principal only and to exonerate the agent. The name under which the principal conducted his business is signed by the defendants as his agents. It would have been open to more question if the defendants had signed their own names for their principal; but the contract is executed by the agents in the precise and technical form in which, by the strictest rule of law, it should be signed in order to bind the principal only. Story on Agency, § 153. There can be no doubt that if the principal resided in this country, he alone could have been sued on the contract. In like manner he only is responsible, although a foreigner, because he is the sole party to it, and there is nothing to control the intent manifested by this mode of executing the contract. The defendants are in no sense parties to it, and are not liable in this action for damages occasioned by the neglect of their principal to comply with its terms.

*Verdict set aside ; judgment for the defendants.*