Forbes v. Rowe.

———◆◆◆———

| 48 | 413 |
| 76 | 277 |

### SAMUEL FORBES vs. ROBERT ROWE.

The guaranty of a note by its indorsement in blank by a third person is that the maker will be of ability to pay it when it becomes due and that it will be collectible by the use of due diligence.

If the maker is not then of ability to pay it the guaranty is broken.

In that case no demand on the maker is necessary.

And it is not enough that he has some property that might be taken, if he has not sufficient to pay the debt.

If the maker has real estate the holder is not bound to attach it before resorting to the guarantor.

Where a note so guaranteed is payable on demand, and it is apparent in view of the purpose for which the money was borrowed that the parties did not contemplate its immediate payment, the question is—was the maker, at the time the note was payable according to the presumed intention of the parties, able to pay it, and was it then collectible by the use of due diligence?

CIVIL ACTION on the guaranty of a note; brought to the Court of Common Pleas in New Haven County, and tried to the court before *Pardee, J.* Judgment for the defendant, and motion in error by the plaintiff. The principles of law decided by the court will be sufficiently understood from the opinion without a more particular statement of the case.

*C. H. Fowler*, with whom was *D. W. Tuttle*, for the plaintiff.

*W. C. Case*, for the defendant.

BEARDSLEY, J.   The contract implied by law from the endorsement in blank of a non-negotiable note is well settled by repeated decisions in this state, and is correctly set forth in the third count of the declaration.   That count was sustained upon demurrer, while the first, second, and fourth counts were held to be insufficient.   The first count is manifestly so, because the contract implied by law from the act of the defendant in "putting his name on the back of the note" in question is not correctly stated, and the allegations in the count do not show any legal liability on the part of the defendant.   The second and fourth counts are not in strictness demurrable.

In the second count a contract is set forth which it was competent for the parties to make, and for the breach of which, if made, the defendant would have been liable.

In the fourth count the defendant is declared against as one of the makers of a promissory note.

These two counts are upon the face of them unexceptionable.   The plaintiff indeed by his bill of particulars limited his right of recovery to the contract set out in the third count, but the bill of particulars did not enter into the composition of any of the counts so as to form a part of them upon the issue raised by the demurrer, as it is in strictness no part of the pleadings.   *Vila* v. *Weston*, 33 Conn., 47.

It is obvious, however, that the plaintiff suffered no practical injustice by the rulings of the court below as to the sufficiency of the second and fourth counts, as under the third count of his declaration he had a full opportunity for the trial of the only cause of action which he relied upon, and hence if these were the only questions in the case we should not incline to disturb the judgment.

But we think that the court erred in granting the motion for a non-suit.

It is apparent from the terms of the note and from the purpose for which the money, for which it was given, was borrowed, that the parties did not contemplate its immediate

payment, and hence the question of fact in the case was—were the makers of the note or either of them at the time when the note was payable according to the presumed intention of the parties able to pay it, and was it then collectible by the use of due diligence? *Castle* v. *Candee*, 16 Conn., 223; *Clark* v. *Merriam*, 25 Conn., 576; *Hayes* v. *Werner*, 45 Conn., 246.

The plaintiff and the several witnesses called by him testified in substance that from the time when the note was given the makers were without property from which it could have been collected, and were not able to pay it. The plaintiff indeed testified that they had built a house, which he estimated to be worth $4,000, but he also testified that the house was upon the land of their wives, and was subject to a mortgage of $2,500.

If the makers of the note had any valuable interest in the house, the plaintiff was not required to attach real estate before resorting to the guarantors. *Welton* v. *Scott*, 4 Conn., 533.

One of the plaintiff's witnesses also testified that Davis, one of the makers, had a horse and wagon when the note was given, and had at some time received a small patrimony, but also testified that he knew of no property of the makers from which the note could have been collected. The inference from his testimony is, that the property of Davis was not of sufficient value to pay the note, or that he had parted with it before the note was payable.

No preliminary demand upon the makers, if they were insolvent, was necessary to fix the liability of the guarantor. If they were unable to pay the note when it became due, that of itself constituted a breach of the indorser's contract.

In *Welton* v. *Scott*, 4 Conn., 533, Judge HOSMER, in giving the opinion of the court, says:—"If the maker when the note falls due be insolvent, and without property sufficient to pay it, this is a breach of the warranty, and gives an immediate right of action against the indorser."

The judgment of the court below was erroneous.

In this opinion the other judges concurred.