BENJAMIN R. KELSEY *vs.* JOHN C. PUNDERFORD ET AL.

Third Judicial District, Bridgeport, October Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The Act of 1899 (General Statutes, § 627) allows a plaintiff who sues upon the so-called common counts for work and labor done, materials furnished, goods sold and delivered, and money had and received, to add a special count or counts showing fully his cause of action. *Held:* —

1. That this authorized the insertion, in a complaint containing such common counts, of a special count alleging that the plaintiff's title to the claim sued upon was acquired by assignment.

2. That such a count, if originally omitted, might be inserted by way of amendment, under the provisions of § 639, without regard to any amendment of the common counts to conform thereto.

It is not the office of a bill of particulars to supply necessary allegations of the complaint, but only to set forth " the item or items " of the plaintiff's claim.

A special count, alleging in detail the facts stated in a bill of particulars which the court had stricken from the files, must be regarded as a practical substitute for such bill.

Argued October 28th—decided December 18th, 1903.

ACTION upon the common counts, brought to the Superior

Court in New Haven County where the plaintiff's bill of particulars was stricken from the files (*Gager*, *J.*), a proposed amendment of the complaint was disallowed (*George W. Wheeler*, *J.*), and judgment of nonsuit was rendered, from which plaintiff appealed. *Error and cause remanded for allowance of proposed amendment.*

The original complaint dated July 28th, 1902, and returnable the first Tuesday of September of that year, contained only the common counts as given in *Form* 85, Practice Book, page 60, and without any allegation of an assignment to the plaintiff of the claim sued upon.

On the 18th of December, 1902, the plaintiff filed the following statement, which is described as " Plaintiff's Bill of Particulars ": " The defendants to plaintiff, Dr. To the sum of one thousand dollars ($1,000) paid by plaintiff and Charles E. Hoadley, of Waterbury, to John C. Punderford as the duly authorized agent of the defendant, Nannie Waddingham, to sell certain real estate owned by the said Nannie Waddingham, situated in the town of Orange, Connecticut, and known as the Waddingham property, and which sum was in part payment for the purchase of said property, and which purchase was not completed, but was abandoned. The interest of the said Charles E. Hoadley in said sum of one thousand dollars ($1,000) has been assigned by him for a valuable consideration to the plaintiff, who is the actual and *bona fide* owner of the debt herein described."

In March, 1903, the court (*Gager*, *J.*), upon the defendants' motion, struck the bill of particulars from the files, upon the ground that it was not within the scope of any of the common counts as the complaint then stood.

In May, 1903, the plaintiff asked leave to file the following count: " 1. On the 29th day of June, 1902, the defendant Waddingham, acting therein by her agent, John C. Punderford, duly authorized for that purpose, agreed to sell and convey to the plaintiff and Charles E. Hoadley, on the 10th day of July, 1902, by a good and sufficient deed, certain premises then owned by the said Waddingham, consisting of a tract of land, with a dwelling-house thereon, sit-

uated in the town of Orange, and known as the Wadding-ham property, for the sum of twenty-six thousand dollars ($26,000). 2. On said day the plaintiff, Kelsey, and the said Hoadley paid to the said Punderford as agent afore-said the sum of one thousand dollars ($1,000) in part payment of said property, pursuant to said agreement. 3. On said 10th day of July, 1902, the plaintiff and the said Hoadley were ready to purchase said property, and to receive a deed therefor, and to pay said sum of twenty-six thousand dollars, according to said agreement. 4. On said date the defendant Waddingham refused and neglected to convey said premises to the plaintiff and to the said Hoadley by a good and sufficient deed therefor, according to the terms of said agreement. 5. Thereupon the contract existing between said parties for the sale and purchase of said premises was mutually abandoned. 6. The defendants still retain said sum of one thousand dollars ($1,000), and refuse to pay the same to the plaintiff. 7. On the 10th day of July, 1902, the said Hoadley assigned and transferred for a valuable consideration all his interest in said contract and in and to said sum of one thousand dollars ($1,000) to the plaintiff, and he is now the actual and *bona fide* owner of the same."

The court (*George W. Wheeler, J.*) refused to permit said count to be filed, upon the ground that the common counts were not an appropriate statement of plaintiff's cause of action as set forth in said proposed count.

Judgment of nonsuit having been afterwards rendered (*Elmer, J.*), the plaintiff appealed, alleging as reasons of appeal the striking off of said bill of particulars and the refusal to permit said amendment.

*Robert L. Munger*, for the appellant (plaintiff).

*James H. Webb*, for the appellee (defendant).

HALL, J. The plaintiff should have been permitted to amend his complaint by filing the proposed new count.

It appears from the memorandum of the trial judge that

the motion to so amend was denied, "not as a matter of discretion, but on the authority of *Goodrich* v. *Alfred*, 72 Conn. 257." In that case, which was an action upon a contract of sale, it was held that as the plaintiff had sued only in his individual capacity, and as the complaint contained no allegation of any assignment of the claim sued upon, or that the plaintiff was the actual and *bona fide* owner of it, that part of the common counts relative to sales was not—in the absence of a motion to make the plaintiff as trustee a party plaintiff, and then to amend the complaint by alleging that as such trustee he was the actual and *bona fide* owner of such claim—an appropriate general statement of a right of action owned by the plaintiff as trustee for another by virtue of an assignment from a third person. It was also suggested that the same rule might not apply to an action for money had and received.

In discussing questions relating to the common counts in the form in which they appear in *Form* 85, Practice Book, page 60, in the cases of *New York Breweries Corporation* v. *Baker*, 68 Conn. 337, 343, and *Dunnett* v. *Thornton*, 73 id. 1, and in several other cases, this court has in effect said, that without a bill of particulars or further statement of the cause of action, they neither contain a common count good at common law, since they do not, and under the Practice Act cannot, contain the fictitious promise essential to the common-law common count, nor are they such a complete and particular statement of the facts constituting the cause of action as is required by the Practice Act; that the use of this incomplete form is only allowable under Rule 2, § 1, and Rule 4, § 1, of Rules under the Practice Act (Practice Book, pages 12 and 15), adopted by the judges of the Superior Court, by authority of § 33 of the Practice Act, in order to give effect to its real purpose; that these so-called counts can only be used in the commencement of an action, and then only when some one of them is an appropriate general statement of the real cause of action; that they can never be used as a single count for the separate statement of a cause of action; that

when a proper bill of particulars is duly filed, only those of the common counts applicable thereto remain in the complaint; and that when, by way of amendment, such a substitute complaint or complete statement of the facts showing the cause of action, as is required by the Practice Act in other cases, is duly filed, the common counts drop out of the case.

These are, generally, the rules and principles which have been applied by this court in determining the use which may be made of this form of complaint, and the character of the bill of particulars or further statement which may be afterwards filed when such form of complaint is properly used.

But the case of *Goodrich* v. *Alfred*, 72 Conn. 257, was decided in the trial court in April, 1899, and the cases above referred to—except the case of *Dunnett* v. *Thornton*, 73 Conn. 1, which was decided by this court in May, 1900—assume only to state the law and rules of court in force prior to August, 1899. In that year an Act was passed which took effect August 1st, and which provided that the form of complaint denominated the common counts, in the Rules under the Practice Act, might " be used for the commencement of an action in all cases where any of these counts is a general statement of the cause of action, and may also be used in the same complaint in connection with and joined to special counts whenever the said action is brought to recover for work and labor done when the contract is claimed to have been fully performed, for materials furnished, goods sold and delivered, and for money had and received. But before any default shall be entered, or judgment shall be rendered thereon, the plaintiff shall furnish a bill of particulars of the item or items of his claim, and, when filed in court, all paragraphs not appropriate to said bill of particulars shall by the filing thereof be deemed to be stricken out of the complaint." Public Acts of 1899, p. 1062, Chap. 139.

The language of the original rule under the Practice Act (Rule 2, § 1), restricting the use of such common counts to the commencement of an action, and when one of

the so-called counts was an appropriate general statement of the cause of action, was omitted in the revised rules which went into effect September 1st, 1899, and the original rule was changed to conform to the provisions of the Act of 1899. Rules of Court (Ed. of 1899), p. 41, § 129.

In speaking of the right of a plaintiff under the Act of 1899 and the new rules, to amend his complaint in an action commenced with such common counts, we said in *Dunnett* v. *Thornton*, 73 Conn. 1, 8, 9 : " Under the rule (§ 129) and statutes now in force, *Form* 85, like any other insufficient statement, may be amended by supplying the omitted material facts and, like every complaint, may be amended by adding facts which may support additional causes of action. The extent of such amendment depends on the law regulating amendments, which the rule does not alter. . . . No substantial question of pleading ought to arise under the rule in its present form. When a plaintiff uses *Form* 85 the rule relieves him, for a limited time, from the penalties incident to the use of such a defective statement ; but he must amend so as to have a proper complaint, and the extent of the amendment is governed by the general law, not by the rule. . . . The permissibility of the amendment must be governed by the rules that control an amendment to any complaint, and the sufficiency and propriety of the complaint as amended must be determined like that of every other complaint."

The provisions of the Act of 1899 appear, in nearly the same language, in § 627 of the Revision of 1902, which was in force when the present action was commenced. As this action was brought to recover for money had and received, the plaintiff, by the law and rules then in force, was permitted, in commencing the action, to join,·had he chosen to do so, the incomplete common counts with a special count fully stating the facts showing his cause of action, and, after having filed a bill of particulars under such common counts, of " the item or items " of his claim, to·have the paragraphs of the common counts appropriate to the bill of particulars remain, as a separate count or counts in the complaint, with the

special count. If he failed to file such a bill of particulars, judgment could be rendered in his favor upon the special count only.

If the special count could have properly been originally joined with such common counts, the court could have allowed it to be joined afterwards by way of amendment. General Statutes, § 639.

As the plaintiff is now permitted in certain cases to add a special count to the so-called common counts, there seems to be no good reason why he should be prevented from doing so merely because of the absence in the common counts of the proper allegation of the assignment and ownership of the claim sued upon, which is contained in the special count, and whether or not the plaintiff also seeks to amend such defect in the common counts.

It is unnecessary to inquire whether, under the law and rules in force prior to the Act of 1899, the paragraph of the common counts relative to money had and received is such an appropriate general statement of the plaintiff's cause of action in this case as to allow the filing of the special count in question. Under the present law the court might properly have permitted it to be filed.

In the absence of an amendment of the complaint adding proper allegations of the assignment to the plaintiff of the claim sued upon, or of an application to join Hoadley as a coplaintiff, the bill of particulars containing a statement of such assignment was not improperly stricken from the files. It was not the office of the bill of particulars to supply necessary allegations of the complaint (*Forbes* v. *Rowe*, 48 Conn. 413), but only to state " the item or items of his (the plaintiff's) claim." Whether it might properly have been filed as a statement of the facts constituting the cause of action, is not a question for discussion, since, if so considered, the new count, containing a more complete statement of such facts, must be regarded as a substitute for the first statement. *Goodrich* v. *Stanton*, 71 Conn. 418, 424.

There was error in denying the plaintiff's motion to amend the complaint by filing the additional count, and the case is

remanded with direction to vacate said order and allow said amendment.

Error and case remanded.

In this opinion the other judges concurred.