HENRY. H. GALLUP *vs.* THE THOMAS B. JEFFERY
COMPANY ET AL.

Second Judicial District, Norwich, October Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

Inasmuch as no one of the so-called common counts is an appropriate
general statement of a cause of action for the breach of the con-
dition of an attachment bond, no recovery for such a cause can be
had under a complaint containing such counts only.

Nor can such a complaint be amended so as to set forth a cause of action
upon the attachment bond; and therefore the allowance of such
an amendment, by way of a "substitute" complaint, and the rendi-
tion of a judgment thereon by default, constitute grounds of re-
versible error.

By his default a defendant is assumed to have admitted the truth of
the allegations of the complaint, but not the averments of a "sub-
stitute" complaint which set forth an entirely different cause of
action, of which he has never had any notice.

The allowance of an amendment introducing a new cause of action into
the complaint is one thing when the defendant is in court and thus
in a position to be informed, and quite another when he is not in
court and is not duly notified. To permit the amendment in the
latter case would be to open the door for the gravest injustice.

In the present case the trial court, having granted the amendment and
rendered judgment thereon by default, afterward, upon the ap-
pearance and motion of the defendant, erased the default, set aside
the judgment, and struck the substitute complaint from the files.
*Held* that in so doing the court acted not only within the limits of
its discretion, but in accord with the plain requirements of justice.

The plaintiff contended that the trial court should not have set aside
the judgment *in toto*, but should have confined its order to a per-
mission to the defendant to be heard upon the question of damages.
*Held* that the real wrong to be remedied required the thorough
and unqualified action taken by the trial court, in undoing what ·
had been wrongfully done.

It is essential to an amendment of a complaint adding to its averments,
that it either amplify or make more adequate or perfect the state-
ment of a cause of action already—although perhaps imperfectly
and insufficiently—made, or introduce some new cause of action
which may legally be joined with those already set up.

A defendant who is not served with process but appears voluntarily

and late, is not thereby precluded from objecting to erroneous action previously taken by the trial court, and from seeking to have the same corrected.

Argued October 16th—decided December 19th, 1912.

ACTION on the so-called common counts, brought to the Court of Common Pleas in New London County, where the plaintiff, after a judgment by default had been set aside, moved to amend by filing a substitute complaint, which the trial court, *Waller, J.*, denied, and subsequently rendered judgment for the defendants, from which the plaintiff appealed. *No error.*

The plaintiff brought his action upon the so-called common counts against two defendants, both corporations: one was that named in the title of the cause, and the other the American Bonding Company. Service was obtained upon the latter only. There being no appearance by either defendant within the statutory period, the plaintiff filed a substitute complaint which set out the execution by the defendants of an attachment bond in the form prescribed by statute, its delivery to the plaintiff in substitution for an attachment made in an action brought by the plaintiff against a third party, and the breach of the condition of the bond. Plaintiff's counsel thereupon filed his affidavit that the facts stated in the substitute complaint were true, and that by reason thereof $475 was justly and equitably due from the defendant Bonding Company to the plaintiff, and upon the same day took judgment against said company for said sum, which judgment was duly entered up.

On the following day the Bonding Company appeared, and filed a motion that the default be opened, the judgment set aside, and the cause reinstated on the docket. This motion was granted. In the motion it was stated that the defendant had a good defense, to

wit: that at the time demand upon execution was made upon the judgment debtor named in the bond set out in the substitute complaint, the value of his interest in the property attached was nothing. At this stage the Jeffery Company voluntarily entered its appearance. A few days thereafter counsel for both defendants moved that the substitute complaint be stricken from the files, and this was done. Subsequently the plaintiff filed a motion for leave to amend his complaint by filing as a substitute complaint the same complaint which had been stricken from the files. This motion was denied. The plaintiff thereupon stated that he should plead no further, and judgment was rendered in favor of the defendants.

The appeal assigns as error the action of the court in opening the default and setting aside the judgment, in not limiting its order in this matter, so that the defendant Bonding Company be only entitled to be heard in the assessment of damages, in striking the substitute complaint from the files, and in denying the motion for leave to amend as stated.

*Donald G. Perkins* and *Allyn L. Brown*, for the appellant (plaintiff).

*Arthur M. Brown*, for the appellees (defendants).

PRENTICE, J. The only right of action which the plaintiff claimed to have against either of the defendants was one for which recovery could not be had under the so-called common counts. It was one arising from the breach of a penal bond with condition. The only obligation which the defendants assumed in executing that instrument was a conditional one, and not such an one as permitted the use of the common counts in an action for its breach. *Goodrich* v. *Stanton*, 71 Conn.

418, 424, 42 Atl. 74. This fact plaintiff's counsel apparently recognized when, before a default was taken, a substitute complaint was filed. The proceedings by which judgment was thus obtained were entirely irregular.

In the first place the course pursued was, in practical effect, the institution of an action by the service of a summons alone, and thus an evasion of the requirements of our practice. "A complaint . . . must accompany a writ of summons or attachment. The writ is void if there is no complaint, and it is sheer oppression if the facts stated in the complaint are admittedly false. For this reason the plaintiff should not be permitted to bring the defendant into court or attach his property upon a false statement of claim which he intends to wholly abandon; and then, by way of amendment, compel the defendant to litigate a different claim without being brought into court in the manner required by statute. Such an amendment is not an amendment within the meaning of § 1023." *Dunnett* v. *Thornton*, 73 Conn. 1, 14, 46 Atl. 158.

Again, the procedure had brought about the rendition of a judgment by default upon a cause of action in respect to which there had been no default, and, therefore, no admission by default. A judgment by default rests upon the legal assumption that the default, like a demurrer, is a constructive admission of the truth of the allegations of the complaint. *Shepard* v. *New Haven & N. Co.*, 45 Conn. 54; *East-India Co.* v. *Glover*, 1 Strange, 612; Ames Cases on Pleading (2d Ed.) 66, and note. The defendant against whom this judgment was rendered had been notified, through the service made upon it, that the plaintiff was asking for a judgment for a cause of action embraced within the limits of the permitted use of the common counts. It was entitled to regulate its action in the matter of appear-

ance in the light of this notice. Presumably it did so, and quite possibly it, as it reasonably might, withheld its appearance upon the strength of its knowledge that a judgment could not be rightfully entered against it under the rules governing the use of the form of pleading resorted to by the plaintiff. An exercise of the right of amendment involving the incorporation of a new cause of action into the complaint is one thing, when the defendant or defendants are in court and thus in a position to be informed, and quite another when they are not in court and are not duly notified. To permit the latter procedure would be to open the door for the gravest injustice; the law does not permit it.

Under the conditions existing at the time of the Bonding Company's appearance it might well have continued to withhold it, and secure a reversal of a judgment upon the substitute complaint upon a writ of error. It chose the course of appearing and asking that the default be erased and the judgment set aside. In granting this motion the court not only acted within the limits of its discretion, but also did what the plain requirements of justice demanded, to the end that what had been wrongfully done be undone. *Goodrich* v. *Alfred,* 72 Conn. 257, 260, 43 Atl. 1041.

The plaintiff's contention, that the court erred in not limiting its order upon the motion to one permitting such defendant to be heard upon the assessment of damages, is not well founded. Such a limited order would not have righted the real wrong. That wrong could not be righted until the record was purged of not only the completed judgment, but also of any and all entry of judgment, whether final or interlocutory, which might help to fasten upon the defendant a liability under the substitute complaint which had acquired no lawful standing in the case. It matters not that the defense which the defendant Bonding Com-

pany, acting in conformity with § 748 of the General Statutes, asserted in its motion that it had, was not one which would defeat a judgment for nominal damages upon a cause of action such as the substitute complaint contained. The fault to be remedied lay deeper than that which the statute referred to was designed to reach, and justice could only be done by the unqualified action which the court took, and which it had the power to take unasked.

It follows from what has already been said that the court did not err as charged in granting the Bonding Company's motion to erase the substitute complaint, and later in denying the plaintiff's motion for leave to file the same as an amendment. This complaint could claim no rightful place in the action. As was said in the passage already quoted from *Dunnett* v. *Thornton*, 73 Conn. 1, 14, 46 Atl. 158, it could not be considered in any true sense as an amendment. It is essential to an amendment of a complaint adding to its averments, that it either amplify or make more adequate or perfect the statement of a cause of action already, although perhaps imperfectly and insufficiently, made, or add some new cause of action which may be joined with those already set up. General Statutes, § 639; *Kelsey* v. *Punderford*, 76 Conn. 271, 276, 56 Atl. 579; Will's Gould on Pleading (6th Ed.) 136. The present substitute complaint set up neither a cause of action of which any one of the common counts was a general statement, nor a cause of action which could have been joined with the common counts. The causes of action which may be so joined are specified in § 627 of the General Statutes, and this belongs to neither class there described.

The plaintiff further contends that whatever view be taken of the court's action as related to the Bonding Company, it was erroneous as touching the other de-

fendant who was not served, but volunteered to appear subsequent to the time when the substitute complaint had been filed. We are unable to concur in this proposition. This defendant, when it came into court, was not precluded, by the fact that its appearance was voluntary and late, from objecting to wrongful action which the court had taken, and from asking that the proceedings be set into a rightful course.

There is no error.

In this opinion the other judges concurred.