# THE HOWLAND DRY GOODS COMPANY *vs.* JOSEPH R. WELCH.

Third Judicial District, Bridgeport, October Term, 1919.
WHEELER, BEACH, GAGER, CASE and CURTIS, Js.

General Statutes, § 5275, provides that both husband and wife shall be liable for articles purchased by either, which "shall have in fact gone to the support of the family, or for the joint benefit of both, or for the reasonable apparel of the wife, or for her reasonable support, while abandoned by her husband." *Held:*—

1. That the last five words referred to and qualified the immediately preceding clause only, not the three anterior clauses.
2. That the test of the husband's liability for articles purchased by his wife was whether they had "in fact gone to the support of the family"; that if they had, his liability was established, notwithstanding he had previously notified the merchant that he would not be responsible for his wife's further purchases.
3. That a finding that the purchases made by the wife "were necessary for the support of the said wife and minor children," was equivalent to a finding that the articles so purchased had in fact gone to the support of the family.

Submitted on briefs November 6th—decided December 22d, 1919.

ACTION to recover for articles of wearing apparel sold to the wife of the defendant, brought to and tried by the Court of Common Pleas in Fairfield County, *Booth, J.;* facts found and judgment rendered for the plaintiff for $132, and appeal by the defendant. *No error.*

The defendant and his wife were married subsequent to April 20th, 1877, and lived together with their two minor children until August 17th, 1916, when the defendant, as a result of domestic troubles, left his wife and children and had not returned to them prior to this trial.

Prior to August 10th, 1916, the defendant had provided for a part of the support of his family and his mother had provided for part. The defendant had also

authorized his wife during this period to purchase upon his credit such goods as she deemed necessary for herself and children, which she had done, from the plaintiff and others, and the defendant had paid for the same. Without the support provided by such authorization, the support otherwise provided by the defendant for his family would have been insufficient.

On September 12th, 1916, the defendant, learning that his wife was about to purchase goods on his credit of the plaintiff, and believing that she would purchase more than were necessary, telephoned plaintiff forbidding a sale by it to his wife upon his credit. The plaintiff, however, sold goods to the wife to the net amount of $89.54.

On September 15th, 1916, the defendant gave plaintiff written notice that he would not be responsible for purchases by his wife from plaintiff. Subsequently, and without notice to defendant, plaintiff sold goods to the wife of defendant to the net amount of $35.25.

All of the articles so purchased by the defendant's wife after September 12th, 1916, were necessary for the support of the wife and minor children.

The defendant failed to provide necessary support for his wife except as above set forth.

*Edward K. Nicholson,* for the appellant (defendant).

*Carl Foster* and *Frederick E. Morgan,* for the appellee (plaintiff).

WHEELER, J. The case is based wholly upon the remedy provided by General Statutes, § 5275: "and both [husband and wife] shall also be liable when any article purchased by either shall have in fact gone to the support of the family, or for the joint benefit of both, or for the reasonable apparel of the wife, or for

her reasonable support, while abandoned by her husband."

The defendant insists that the last clause of this section, "while abandoned by her husband," governs all of the preceding clauses, and as no abandonment has been found no action arises. The same question was before us in *Paquin* v. *Westervelt*, 93 Conn. 513, 106 Atl. 765, and we there determined that the clause, "while abandoned by her husband," referred to the clause immediately preceding it, "or for her reasonable support," and not to the clauses preceding this. This construction of the statute must be regarded as final.

Another assignment of error is in the holding of the court that the defendant failed to provide necessary support for his wife and children. The remedy of the statute does not rest upon such a finding, but rather upon a finding that the purchases "have in fact gone to the support of the family." If this fact were a prerequisite to this remedy, we think the finding sufficiently explicit to include it. True it is not specifically found, but the finding that the purchases "were necessary for the support of the said wife and minor children," involves this, and should be regarded as its equivalent.

The principal assignment of error which is pressed in the brief of defendant is, in the holding of the court that the defendant was liable for the purchases by the wife after defendant had notified the plaintiff not to extend further credit to his wife. The point was determined in *Paquin* v. *Westervelt*, 93 Conn. 513, 516, 106 Atl. 766, where we said: "The statute was intended to permit a recovery by a third person for all articles which went for the sustenance or maintenance of the family, without respect to what provision for their support had been made otherwise." If the defendant might notify one merchant, he might similarly notify several. Credit is not only sensitive but of long hearing, and other

merchants in similar lines would surely hear of the action of their competitors and voluntarily refuse credit to the wife. The result would be the wife would not be able to procure sustenance or maintenance for herself or family and the purposes of the statutory remedy would be defeated.

The possible hardship upon a husband who is in fact providing sustenance and maintenance for his family, in having bills contracted for the same purpose against his will, and in having purchases made from those with whom he does not desire to trade, was undoubtedly weighed by the General Assembly. It balanced this with its desire to give to the wife a remedy more liberal than the common law gave her, one which should in every case give her the right to procure, upon the husband's credit, sustenance and maintenance for his family when these had in fact gone to the family support. It made this fact the decisive factor. It made both wife and husband liable for such support. Neither husband nor wife would be called upon to pay for what had not in fact gone to the support of the family. Support provided in this way lessened the obligation of the husband to provide support in the ordinary way, and the excess of obligation which might be imposed upon him would be limited and largely in his control. It would be the exceptional case when a wife living with a husband providing adequate support used his credit to provide support for herself and family.

Whether the General Assembly should or should not have placed limitations upon this remedy is beside the point. We take the statute as we find it.

There is no error.

In this opinion the other judges concurred.