Lakitsch *v.* Brand.

JOHN LAKITSCH, EXECUTOR, *vs.* CHARLES A. BRAND
ET UX.

Third Judicial District, New Haven, June Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

The voluntary filing of an amended or substituted complaint operates as a withdrawal of the original, and thereafter the latter, though remaining on the files and constituting part of the history of the cause, can furnish no basis for a judgment, nor can any previous ruling upon it be made a subject of appeal.

A written contract purporting to state the whole agreement must be taken to be the final and complete repository of the intention of the parties thereto, and its construction and legal effect cannot be changed or varied by reason of its inconvenience to the parties or the unreasonableness of its terms.

An implied agreement cannot be drawn from such a contract as to any unexpressed promise, unless it arises by necessary implication.

In a suit begun upon the common counts, the plaintiff, in a substituted complaint, set up a contract made by his testatrix with the defendants, providing that the latter should employ the testatrix's son in their business, and upon her advancing a total of $5,000 to them, should make the son a partner with them, with a provision for repayment to her upon the son's withdrawal after notice; and the plaintiff claimed a return of the $5,000 because the defendants had compelled the son to sever his connection with the business, and had later withdrawn therefrom themselves. *Held* that since it was alleged that the testatrix had actually advanced the money, the son, under the contract, had become a partner in the business, and that as no refund to the testatrix was provided for except on the son's withdrawal, the parties must have contemplated adjustment of all other relations between them upon the basis of ordinary partnership law, and hence the plaintiff could not recover the sum claimed.

The form of complaint known as the common counts, is not an appropriate form for the adjustment of partnership relations.

Argued June 6th—decided July 27th, 1923.

ACTION begun upon the common counts, for which three successive substitute complaints were subsequently filed, to recover money loaned pursuant to the provisions of a written contract, brought to and tried

by the Superior Court in Fairfield County, *Banks, J.*, upon a demurrer to the third amended substitute complaint, after the two preceding complaints had been held (*Haines* and *Banks, Js.*) to be insufficient; the court sustained the demurrer and, upon the refusal of the plaintiff to plead further, rendered judgment for the defendants, from which the plaintiff appealed. *No error.*

*Nehemiah Candee* and *John T. Dwyer*, for the appellant (plaintiff).

*Jesse T. Dunbar*, for the appellees (defendants).

CURTIS, J. The reasons of appeal allege as errors the rulings of the court as to the substituted complaint, the amended substituted complaint, and the second amended substituted complaint.

When each amended or substituted complaint was filed, it took the place of the complaint for which it was substituted, and that dropped out of the case. "It remained on the files, and constituted part of the history of the cause, but could furnish no basis for a future judgment; nor could any previous ruling upon it be made a subject of appeal." *Goodrich* v. *Stanton*, 71 Conn. 418, 424, 42 Atl. 74. The voluntary filing of an amended or substituted complaint is a withdrawal of the preceding complaint, and the ruling of the court upon a demurrer to the preceding complaint is not reviewable. *Boland* v. *O'Neil*, 72 Conn. 217, 220, 44 Atl. 15; *Eames* v. *Mayo*, 93 Conn. 479, 106 Atl. 825.

The only question, therefore, presented to us upon this appeal, is whether the court erred in sustaining the demurrer to the third amended substituted complaint.

This complaint alleged that the plaintiff's testatrix, Theresa Zipperer, her son Fred Zipperer, and the defendants, on June 9th, 1920, entered into a written agreement as parties of the second, third and first parts,

respectively. Under this contract the defendants agreed to employ Mrs. Zipperer's son in their business at a weekly salary of $33, $8 of which they should retain for a defined purpose. In consideration thereof Mrs. Zipperer agreed to loan defendants for their business $5,000, $2,000 in cash and the balance payable at her earliest convenience. And the parties agreed that when the $5,000 was all paid, then the son should become a silent partner and have a one-third interest in the business and assets and receive one-third of the net profits, and that the $5,000 should be and become a part of the capital of the son in the business, and the loan be cancelled. In case the son should desire to withdraw he was to give three months' notice in writing, and beginning two years after such withdrawal, defendants should repay the part of the $5,000 so paid, in annual instalments of $1,000. In case of incorporation the son was to have a corresponding interest in the company, and if he should withdraw he was to return his share of the capital stock to the defendants.

The plaintiff further alleged that in pursuance of this contract Fred Zipperer, the son of the plaintiff's testatrix, went into the employ of the defendants in their business at South Norwalk, and the testatrix loaned to the defendants $5,000; that on October 14th, 1920, the defendants, in violation of the terms of the contract, "ordered and directed Fred Zipperer to sever his connection with the business and to cease rendering services for the defendants, and thereby prevented him from learning the business; that the defendants further violated the terms of the contract by selling out their entire business during the month of May, 1921, and moving away, and that the sum of $5,000 was used by the defendants for other purposes than conducting business at # 21 North Main Street, South Norwalk, Connecticut, which use was contrary to the

purpose and in violation of the express and implied terms of the contract; that no notice was given to the plaintiff's testatrix by the defendants of their intention to close said business nor of their intention to use said funds for a purpose other than that of conducting their jewelry business, and no agreement was entered into by the plaintiff's testatrix to permit the defendants to use such funds for any other purpose than for the use in the said jewelry business conducted by the defendants at #21 North Main Street, South Norwalk, Connecticut, and the plaintiff's testatrix did not at any time agree that the defendants might close out this business and move away, and the closing out of the business and moving away was in violation of the terms of the contract, because the funds of the plaintiff were thereby diverted to purposes not contemplated by the terms of the contract; that the defendants are therefore indebted to the plaintiff, as executor of the will of Theresa Zipperer, in the sum of $5,000, together with accrued interest. The plaintiff, as such executor, has requested the defendants to pay said sum, but the defendants have wholly neglected and refused so to do."

The defendants demurred to the complaint on the following grounds: 1. It purports to set up an action for money loaned under a written contract, which action is not now maintainable under the terms of the contract. 2. No right of action had accrued by the terms of the contract. 3. It does not appear, on the facts set forth in the complaint, that any of the acts of the defendants therein alleged were contrary to or in violation of the provisions of said contract. 4. It does not appear that any notice was required by the terms of the contract to be given to the plaintiff's testatrix by the defendants, of their intention to change their place of business or to close the business. 5. It appears that the written contract is a partnership

agreement, and it does not appear from the complaint that the partnership has ever been dissolved or terminated. 6. The cause of action attempted to be set up in the complaint is not such as could properly be brought on the common counts, and none of the common counts is an appropriate general statement of such a cause of action.

The contract is made a part of the complaint and the situation alleged in the complaint, therefore, involves the performance of the contract to the extent disclosed by the facts alleged, considered in connection with the terms of the contract. It is alleged that in pursuance of the contract the testatrix, party of the second part, has loaned $5,000 to the defendants. By the second paragraph of the contract, it is agreed that when the entire loan of $5,000 has been made by the testatrix, her son Fred should become a silent partner of the business with a one-third interest therein, and that the loan should be cancelled and the money become merged in the capital of the business, in which the son was a silent partner.

Under the complaint, therefore, when the action was begun under the common counts, the loan of $5,000 from the testatrix had been cancelled and the money had been merged in the capital of the business, and her son had become a partner in the business with a one-third interest therein. The testatrix had no interest in the business, and no relation of debtor and creditor existed between her and the defendants.

The testatrix could acquire no rights against the defendants under the contract, unless her son desired to withdraw from the business and, under paragraph four of the contract, gave three months' notice in writing to the defendants, who agreed thereupon to repay to the testatrix, beginning two years after the withdrawal, in annual instalments of $1,000 each, the sum

advanced by the testatrix in accord with the contract.

The testatrix claimed she had certain rights against the defendants from implied promises by the defendants arising from the terms of the contract, in view of the surrounding circumstances. There is here a written contract purporting to state the whole agreement and it "must be taken to be the final and complete repository of the intention of the parties to it." *Coram* v. *Davis*, 209 Mass. 229, 247, 95 N. E. 298. Its construction and legal effect cannot be changed or varied by reason of its inconvenience to the parties, or the unreasonableness of the terms. *McGarrigle* v. *Green*, 76 Conn. 398, 56 Atl. 609; *Bray* v. *Kettell*, 83 Mass. (1 Allen) 80, 83; *Brown* v. *Fales*, 139 Mass. 21, 29 N. E. 211; 1 Chitty on Contracts (11th Amer. Ed.) p. 89. In the case of a written contract, "the intention of the parties is to be deduced from the language employed by them, and the terms of the contract, where unambiguous, are conclusive, in the absence of averment and proof of mistake, the question being, not what intention existed in the minds of the parties, but what intention is expressed in the language used. When a written contract is clear and unequivocal, its meaning must be determined by its contents alone; and a meaning cannot be given it other than that expressed. . . . It is not the province of the court to alter a contract by construction or to make a new contract for the parties; its duty is confined to the one which they have made for themselves, without regard to its wisdom or folly, as the court cannot supply material stipulations or read into the contract words it does not contain." 13 Corpus Juris, p. 524, § 485. In *McGarrigle* v. *Green*, 76 Conn. 398, 56 Atl. 609, we held, in substance, that in the case of a written contract an implied contract could not be drawn from it as to any unexpressed promise, unless it arose by necessary implication therefrom.

We said in that case, where it was sought, as here, to add terms to a written contract by implication: "The question before us is not what the parties meant to bind themselves to do, nor what they supposed they had bound themselves to do, nor even what they ought to have bound themselves to do; it is simply what they have, as manifested by their written words, bound themselves to do." As to implied terms in a written contract by necessary implication, see 13 Corpus Juris, p. 558, § 521. The plaintiff claims, that by implication the defendants owed certain obligations to his testatrix in reference to continuing their business and as to the use of the $5,000 which she paid to them under the contract. These matters would have been appropriate subjects to have dealt with in the written contract, but they were not made subjects of contractual obligation in the contract, and they are clearly not obligations of necessary implication. The defendants might as reasonably claim that it is a necessary implication that they refused to enter into such obligations in making the written contract.

The contract in terms terminates the relations between the testatrix and the defendants when she paid in the $5,000, and thereby the loan from her to the defendants was cancelled and the son became a silent partner of the business with a one-third interest in it. The contract gave him the right to withdraw at will upon his giving the defendants three months' notice, and thereupon the testatrix would have acquired a right to have the $5,000 repaid in annual instalments of $1,000 each, beginning two years after the withdrawal. This complaint does not allege that the testatrix's son gave such a notice, hence she had no such inchoate claim against the defendants. The $5,000 has been merged in the capital, and her son, the silent partner in the business, has such rights against the

defendants, under the facts alleged, as a partner has under the law relating to partnerships.

The plaintiff's testatrix acquired by this contract no further right than that arising from the provision giving her son the right to withdraw at will, and thus create a right in her to have the defendants repay her the $5,000 at the time and in the manner provided by the contract; as to any other safeguarding of her rights or her son's rights, she was apparently satisfied to leave that to the rules of law relating to partnerships. It would seem a strained conclusion to impose any other obligations upon the defendants by finding that they arose by necessary implication. Under the contract, so long as the son remains a copartner, his rights as to the defendants are to be determined by the law relating to partnerships.

The testatrix's son is not a party to this action, and if he were, he could not seek an adjustment of partnership relations in an action begun under the common counts. Under § 5651 this action, begun under the common counts, is only permissible under the pending complaint, by deeming that it in effect purports to set forth a claim for money loaned or for money had and received. *Kelsey* v. *Punderford*, 76 Conn. 271, 56 Atl. 579; *Gallup* v. *Jeffrey Co.*, 86 Conn. 308, 85 Atl. 374; *Markel* v. *Di Francesco*, 93 Conn. 355, 105 Atl. 703.

But, as stated above, under the allegations of the complaint, the plaintiff's testatrix is not a creditor of the defendants for money loaned, nor do the allegations support a claim that the defendants have received money of or for the plaintiff's testatrix for which an action for money had and received would lie.

The demurrer was properly sustained.

There is no error.

In this opinion the other judges concurred.