ESTAT BALEDES *vs.* LEON GREENBAUM.

Third Judicial District, New Haven, June Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued June 10th—decided July 31st, 1930.

*Harry Schwolsky,* for the appellant (defendant).

*James F. Rosen,* with whom, on the brief, was *Harry R. Sugarman,* for the appellee (plaintiff).

BANKS, J. The action was brought upon the common counts. At the opening of the trial the plaintiff was permitted to file a substituted complaint in which it was alleged that, at the request of the defendant's wife, the plaintiff sold and delivered necessaries for the support of the family in the form of groceries and meats, of a value of $333.46. The defendant appealed from the allowance of the amendment of the complaint on the ground that it was filed too late, and on the further ground that no one of the common counts was an appropriate statement of the cause of action alleged in the amendment.

This action was brought to recover for goods sold and delivered and the plaintiff in commencing the action could, had he chosen to do so, have joined the

incomplete common counts with a special count fully setting forth the facts showing his cause of action. *Kelsey* v. *Punderford,* 76 Conn. 271, 276, 56 Atl. 579; General Statutes, § 5527. Since a special count alleging that the goods were sold and delivered to the defendant's wife, could properly have been joined with the common counts, the court properly allowed it to be joined later by amendment. *Kelsey* v. *Punderford, supra,* p. 277; Practice Book, p. 279, § 165. In such cases, as we said in *Dunnett* v. *Thornton,* 73 Conn. 1, 9, 46 Atl. 158, "the permissibility of the amendment must be governed by the rules that control an amendment to any complaint, and the sufficiency and propriety of the complaint . . . must be determined like that of every other complaint." Under the statute (§ 5541) and our liberal policy in the allowance of amendments, it was well within the discretion of the trial court to permit the filing of the substituted complaint.

The defendant in a special defense alleged that, during the period covering the delivery of goods to his wife, he made regular and adequate payments for the support and maintenance of his family in an amount fixed by the Police Court of the city of Hartford. The court found the following facts: During the period in question defendant and his wife were not living together; defendant living in Hartford, having the custody of two of their four children, and his wife living in New Haven, having the custody of the other two children. Defendant's wife came to the plaintiff's store and ordered certain groceries which he delivered to her in person, and upon other occasions she ordered either in person or by telephone meats and groceries which were delivered at her house, all of the reasonable value of $333.46, and which had not been paid for. The plaintiff never went to the house of the defend-

ant's wife to ascertain whether the meats and groceries delivered to her were actually consumed by her or her children, but the court found that they actually went to the use and support of the wife and the two children. Prior to the delivery of these articles to his wife the defendant had been ordered by the City Court of Hartford to pay $10 a week for the support of his wife and children. The period during which such payments were to be made had expired, but the defendant continued to make them voluntarily, and they were received by her during the period covered by her purchases from the plaintiff.

We assume, as the trial court and counsel evidently did, that the defendant and his wife were married subsequent to April 20th, 1877. The liability of a husband married since that date for goods purchased by his wife may rest either upon an express promise to pay therefor, upon a breach of his duty to provide necessaries, as at common law, or upon obligation imposed by statute (§ 5155). Each of these forms of liability is wholly distinct from the others, rests upon entirely independent foundations, and is complete in itself. *Fitzmaurice* v. *Buck,* 77 Conn. 390, 391, 59 Atl. 415. The statute provides that both husband and wife shall be liable "when any article purchased by either shall have in fact gone to the support of the family, or for the joint benefit of both, or for the reasonable apparel of the wife, or for her reasonable support while abandoned by her husband." The allegations of the substituted complaint are wanting in precision, but can fairly be construed as stating a cause of action upon the statute to recover for articles which "have in fact gone to the support of the family." The remedy provided by the statute does not rest upon the failure of the defendant to provide support for his wife and children, but permits a recovery for any article which has

in fact gone to the support of the family without respect to what provision for their support had been made otherwise. *Paquin, Ltd.* v. *Westervelt,* 93 Conn. 513, 516, 106 Atl. 766; *Howland Dry Goods Co.* v. *Welch,* 94 Conn. 265, 267, 108 Atl. 510; *Fitzmaurice* v. *Buck, supra.* The fact that the defendant was making regular payments for the support of his family in an amount fixed by the Police Court of Hartford, as alleged in the special defense, did not therefore constitute a defense to this action. It was immaterial whether these payments were being made voluntarily or under fear of arrest, so that the correction of this portion of the finding requested by the defendant, if made, would not avail him.

The defendant further contends that these articles did not in fact go to the support of the family. The contention as made has a double aspect. It is claimed that there was no evidence in support of the finding that the articles in question went to the support of the wife and children, and that even if there were such evidence the court erred in holding that they went to the support of the family within the intendment of the statute, since the husband and wife were living apart. It is not disputed that the plaintiff delivered meats and groceries to the defendant's wife in person and to the house where she lived with her two children, and it would seem to be a not unreasonable inference that they were bought for the purpose of being consumed by the wife and her children and were so consumed, and thus went to their support. The motion to strike out this portion of the finding is denied.

Whatever may have been decided in the cases in other jurisdictions cited upon defendant's brief, we have held that the word "family" in our statute includes a wife as well as children, *Paquin, Ltd.* v. *Westervelt, supra,* and that the husband under the statute

would be liable for articles purchased by the wife while living apart from her husband which went to the support of the "family" within the meaning of that word as used in the statute. *Howland Dry Goods Co.* v. *Welch, supra.* It is not found that the wife in this case was abandoned by her husband, but we have determined that the clause "while abandoned by her husband" in the portion of the statute quoted above, qualifies only the clause immediately preceding it. *Howland Dry Goods Co.* v. *Welch, supra.* The plaintiff's cause of action is not based upon that clause. The decision in the *Welch* case is conclusive upon the question of the liability of the husband for purchases made by the wife which have gone to the support of herself and her children while living apart from him.

There is no error.

In this opinion WHEELER, C. J., and HINMAN, J., concurred; MALTBIE and HAINES, Js., dissented.