The within action was instituted by attachment of personal property of the defendant on May 21, 1952, as per officer's return on file. The complaint sets forth two claims for relief. One is under the statute (General Statutes § 7308) which gives a wife under prescribed circumstances indemnity from her husband for support; the other is in equity, in which a wife seeks an order for future support from her husband. It appeared at the trial on November 1, 1955, that the wife died after the commencement of suit. In view of this circumstance, the claim for future support in equity was withdrawn.
The complaint alleges in substance that the couple married on November 10, 1946; that on or about March 25, 1952, the defendant without cause abandoned his wife; that she has been forced to expend money for the necessities of life; and that the defendant has refused to reimburse her for such expenditures. By way of answer the defendant admits the marriage but denies all other allegations of the complaint. *Page 6 
The wife died on June 3, 1953, after the commencement and during the pendency of this action. On January 22, 1954, the Danbury National Bank as administrator upon her estate was permitted on motion to enter and prosecute as substituted plaintiff. Hence the parties now at issue are the bank as plaintiff administrator and the surviving husband as defendant. Consequently, the substituted plaintiff stands in the identical position of the decedent wife had she lived to prosecute this action. Parenthetically it is observed that there does not appear to be any children of the marriage.
Since death has sealed the lips of the wife, the basis of the alleged cause of action had to be established entirely through the testimony of collateral witnesses. This was attempted. The defendant husband was not present at the trial and through counsel rested his side of the case without introducing any evidence.
It is found that on or about March 25, 1952, the couple exchanged heated words in their home in Danbury on a subject matter unknown to the court. At the conclusion, the husband, in the hearing of a witness who was elsewhere in the house laying carpets, made the following emphatic declaration to his wife: "You will never see me or hear from me again." Whereupon he left the house. For all that appears, the husband thereafter has been continuously absent from this jurisdiction.
In January, 1953, while this action was pending, the wife instituted an action for divorce against her husband in the Superior Court for Fairfield County on the ground of intolerable cruelty. Service of process was made by publication. Since the husband was then in France, an application for allowance pendente lite was never filed. A hearing in the Superior Court on the petition for divorce was scheduled *Page 7 
for June 5, 1953. That hearing was never held because the wife died two days prior thereto.
The court finds that on or about March 25, 1952, the defendant husband in fact "walked out" on his wife, and that he remained away continuously until her death on June 3, 1953, a period of over fourteen months. Whether or not such act constituted an abandonment without just cause, as alleged in the complaint, becomes academic in view of what is said hereinafter. It is to be held in mind that an "abandonment," within the meaning of the statute in question, is not necessarily a "desertion" within the meaning of the divorce statute. Kantor v. Bloom,90 Conn. 210, 215; and see Casale v. Casale, 138 Conn. 490,492, for the definition of the word "desertion" as used in the divorce statute.
Assuming without conceding that it could be found that the husband abandoned the wife in March, 1952, the next question of equal importance is whether the plaintiff as administrator upon the estate of the wife has proved that any property of the wife has been taken, or that she or her estate has been compelled to pay for her support. "The law imposes a primary duty upon the husband to support his wife and family. To compel the performance of this duty, the wife may invoke the remedy provided by General Statutes, § 7308, and recover from the husband for `any property of her own that shall have been taken, or for any money that she shall have been compelled to pay' for the support of herself." Edson v. Edson,138 Conn. 701, 703, citing Cantiello v. Cantiello, 136 Conn. 685,689; Bohun v. Kinasz, 124 Conn. 543, 546;Churchward v. Churchward, 132 Conn. 72, 79.
No evidence was offered by the plaintiff administrator regarding any sums of money the wife was compelled to expend for her support and maintenance from March 25, 1952, or thereabouts, until her *Page 8 
death on June 3, 1953. There is a suggestion in a phase of the evidence that the wife's father may have assisted her financially during this period. Hence the concluding language of the Supreme Court of Errors in the Edson case, supra, 704, is uniquely applicable to the decision at bar: "Her claim [the plaintiff wife in that case] under § 7308 is without merit. The construction placed upon this statute in the Cantiello and Churchward cases, cited above, clearly supports the conclusion of the trial court that the plaintiff cannot recover because she has not proved that she ever spent any of her own money for support. `Under the statute, the wife is entitled to be indemnified by her husband for creditors' claims either when her property has been levied upon or when she has been compelled to pay "for the satisfaction of any such claim."' Cantiello v. Cantiello,
supra, 688. If she cannot show that her property has been taken or that she has been compelled to pay money of her own to support herself, there is no basis for any right of indemnity. The claims of others who may have furnished her support, paid her medical bills or purchased other things for her maintenance are not involved in this action."
It necessarily follows that the result obtained in the Supreme Court of Errors in the Edson case, quoted so liberally, is decisive of the case at bar as applied to the claim for indemnity under the statute, even if abandonment were found to be an ultimate fact. It is the limited function of the trial court to apply the law as it is. The decision at bar is controlled by this consideration.
 Let judgment enter for the defendant.