THEODORE BUCKINGHAM vs. FRANK E. HURD AND WIFE.

The act of 1877 (Session Laws 1877, ch. 114,) provides that all purchases made by either husband or wife in his or her own name, shall be presumed, in the absence of notice to the contrary, to be on his or her private account and liability, but that both shall be liable where any article purchased by either shall have gone to the support of the family or for their joint benefit; but that the property of the husband, when found, shall be first applied to satisfy any such joint liability. Held not necessary that a judgment should first be obtained against the husband and an execution against him returned unsatisfied.

That clause refers to the proceedings in the collection of the judgment when obtained, and not to the judgment itself.

The statute raises an implied joint promise that is independent of, but not in conflict with, the express promise of the one making the purchase, or the promise implied at common law on the part of the purchaser; and the creditor may sue upon either, but having elected one can not resort to the other.

Husband and wife residing in this state were sued jointly for articles that went to their joint use that had been purchased by the husband on his own credit in the state of New York. Held that the liability of the wife was to be determined by the laws of this state and not by those of the state of New York.

[Argued October 28th—decided November 9th, 1884.]

ACTION against husband and wife for goods sold to the husband and that went to the defendants' joint use; brought to the Court of Common Pleas and tried to the court before *Hall, J.* Facts found and judgment rendered against both defendants. The defendants appealed. The case is fully stated in the opinion.

*D. B. Lockwood* and *A. T. Bates*, for the appellant.

*L. D. Brewster*, with whom was *J. S. Turrill*, for the appellee.

CARPENTER, J. The plaintiff is a merchant residing and doing business at Dover, in the state of New York. The defendants are husband and wife, married in 1880, residing in Sherman in this state. Since April 1st, 1881, they have

resided on a farm belonging to the wife, carrying on the business of farming and for a part of the time of selling milk.

The land, cattle and implements used in the business were the property of the wife, except that during a portion of the time the husband owned five cows. All the goods described in the plaintiff's bill of particulars were purchased by the husband upon his credit at the plaintiff's store and were there delivered to him. The wife never made any express promise to pay for the goods.

The goods for which judgment was rendered were purchased in the management of the business, either for the benefit of the business, or of the property, or for the support of the family, and were used for such purposes with the knowledge and consent of the wife. The plaintiff knew the purposes for which the goods were purchased, that the property belonged to his wife, and that the husband was pecuniarily irresponsible.

The defendants' counsel asked the court to rule:—

" 1. That in order to render the defendant Ida E. Hurd liable upon the facts, under the act of 1877, an action should have been first commenced against the husband, Frank E. Hurd, and execution returned unsatisfied upon a judgment obtained against him.

" 2. That because the contract and sale were made and completed in the state of New York, the question of the liability of Mrs. Hurd was to be determined by the laws of that state and not by the laws of Connecticut."

The court did not so rule, but rendered judgment for the plaintiff against both defendants. The defendants appealed.

1. We will consider the claim that the suit should have been first brought against the husband alone.

The second section of the statute of 1877, (Session Laws of 1877, ch. 114,) is as follows:—" All purchases made by either husband or wife in his or her own name shall be presumed, in the absence of notice to the contrary, to be on his or her private account and liability; but both shall be liable where any article purchased by either shall have in

fact gone to the support of the family, or for the joint benefit of both, or for the reasonable apparel of the wife, or for her reasonable support while abandoned by her husband. It shall, however be the duty of the husband to support his family, and his property when found shall be first applied to satisfy any such joint liability; and the wife shall in equity be entitled to an indemnity from the property of the husband for any property of her own that shall have been taken, or for any money that she shall have been compelled to pay for the satisfaction of any such claim."

Nothing in the statute gives any countenance to this claim. It does not make the wife a guarantor, requiring diligence or any effort, as a condition precedent to her liability, to collect the debt of her husband. It makes her primarily liable and calls it a "joint liability." The theory and effect of the statute is, that it raises an implied promise from the use of the goods in the support of the family, or for the joint benefit of both. This is in addition to and independent of, and, in no manner in conflict with, any express promise made by the husband or the promise which would be implied by the common law. Ordinarily the law will not imply a promise when there is an express one; but the statute overrides this rule of law and raises an implied promise. The consequence is that the plaintiff may have his election, to proceed against the husband alone on his express promise or that which would be implied by the common law, or against husband and wife on the implied promise raised by the statute. If he resorts to the former remedy he waives the latter, as he can have but one judgment for the same debt. So also if he proceeds upon the statutory implied promise and has a judgment, he cannot afterwards resort to the other. This shows that this objection cannot prevail. That clause of the statute which makes it the duty of the husband to support his family, and requires that his property when found shall be first applied to satisfy any such joint liability, is not inconsistent with this view. A joint liability implies a joint judgment. That clause refers to the proceedings in collecting the execution and not

to the liability of the defendants or to the judgment rendered by the court.

2. The remaining objection is, that the goods having been sold and delivered in the state of New York, the contract is to be interpreted and the liability of the wife determined by the laws of that state.

We have substantially answered this objection by what has already been said. The action is not brought on an express contract made by the husband, but upon the implied promise, which the statute raises from the beneficial use by the husband and wife of the goods purchased. The express contract made in New York, therefore, may be laid out of the case.

The object of the statute is not to interpret an express contract made by the husband, nor to make the wife a party to such a contract. The constitutional power to do so may well be questioned. It simply imposes a liability upon the wife when she has been the recipient of certain benefits. The statute gives a remedy confessedly to our own citizens; we think it is equally available to citizens of another state.

There is no error in the judgment complained of.

In this opinion the other judges concurred.