THOMAS W. FITZMAURICE *vs.* ROSWELL H. BUCK AND
MINNIE D. BUCK.

Third Judicial District, Bridgeport, October Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The liability of a husband, married since April 20th, 1877, for goods
purchased by his wife, may rest either upon an express promise by
him, a breach of his duty to provide necessaries as at common law,
or the obligation imposed by General Statutes, § 4546, which pro-
vides that both husband and wife " shall be liable when any article
purchased by either shall have in fact gone to the support of the
family, or for the joint benefit of both, or for the reasonable ap-
parel of the wife." Each of these forms of liability is wholly dis-
tinct from the others, rests upon entirely independent foundations,
and is complete in itself.

The agency created and the liability imposed by the statute with re-
spect to articles which in fact are purchased for and go to the family
support, is not limited to things necessary or reasonable; and the
common-law rules in regard to the necessity and reasonableness
of such purchases have no application to a case resting on the pro-
visions of the statute.

Accordingly it is error, in an action brought under the statute, to
charge the jury that the husband is not liable for shoes bought by
the wife for the use of herself and their children, provided he had
made reasonable provision for their support, even though that fact
was unknown to the vendor.

If a complaint is so drawn as to permit a recovery either at common
law or under the statute, the court should give instructions ap-
propriate to each cause of action, and keep them so distinct that
the jury may be intelligently directed as to its separate lines of in-
quiry.

Argued October 26th—decided December 16th, 1904.

ACTION against husband and wife to recover for articles
procured by the wife and used for the support of the family,
brought to the District Court of Waterbury where a demurrer
to a special defense of the husband was overruled (*Peasley,
Deputy-Judge*) and the cause was afterwards tried to the
jury before *Welch, Acting-Judge;* verdict and judgment
against the wife but in favor of the husband, and appeal by
the plaintiff. *Error and new trial granted.*

*James E. Russell*, for the appellant (plaintiff).

*John O'Neill*, for the appellee (defendant Minnie D. Buck).

*Charles G. Root* and *Francis P. Guilfoile*, for the appellee (defendant Roswell H. Buck).

PRENTICE, J.  The defendants are husband and wife, married since April 20th, 1877, and having children. The plaintiff, whose claim was assigned to him upon the dissolution of a copartnership, asserts that for a period of approximately three years the wife purchased of his assignors footwear which went to the support of the family, the same having been charged upon the books of the sellers to the wife. The husband disputes his liability, his chief contention being that before any of the purchases were made he had made ample provision for his wife and family, had notified the sellers thereof, and had advised them that he would pay no account she might contract with them.

The liability of a husband married since April 20th, 1877, for goods purchased by his wife, may rest either upon an express promise to pay therefor, upon a breach of his duty to provide necessaries as at common law, or upon the obligation imposed by statute ( § 4546 ). *Buckingham* v. *Hurd*, 52 Conn. 404. Each of these forms of liability is wholly distinct from the others, rests upon entirely independent foundations, and is complete in itself. The failure of the court to appreciate this, led it to entertain mistaken conceptions of the issues in the case, and to give the jury mistaken instructions.

The action is plainly one brought under the statute. The complaint is inappropriate to any other cause of action, as, for example, for necessaries furnished as at common law, and no issues were framed suggesting an attempt to raise the question of common-law liability. Practice Act, p. 94, *Form* 142. The first paragraph of the complaint alleges the marriage of the defendants since April 20th, 1877, the existence of children born to them, and the continuance of

the family relation ; the second sets out the purchases; the third avers that they were made by the wife, that they had all " gone to and been used for the support of the family, and for the joint benefit of the defendants and their children, and for the reasonable apparel of the wife, and for her reasonable support "; the remaining paragraphs allege the plaintiff's ownership of the claim and its nonpayment. The answer of the husband contained two defenses : one denying most of the allegations of the complaint, and the other, a special defense setting out his claim already stated. The allegations of the defense were denied.

Upon the trial counsel for the plaintiff presented requests to charge which would have been pertinent in an action to enforce the common-law liability for necessaries, and the court gave instructions of that character. It is attempted to justify these instructions upon the ground that recovery for necessaries as at common law might have been had under the complaint. If this be assumed, it would yet remain the duty of the court to give instructions appropriate to each cause of action for which recovery might be had, and to keep them so distinct that the jury would be intelligently directed as to its separate lines of inquiry. This was not done in the present case. Instead, the instructions which might be regarded as pertinent to each claimed permissible aspect of the case, were so intermingled that the jury could not have understood that it was called upon to determine two separate causes of action, much less have obtained an intelligent conception of the principles of law applicable to each. The reason for this is doubtless to be found in the fact that neither counsel nor court regarded the complaint as one which might be used to enforce the common-law liability of the husband, pure and simple, but united in treating it as one upon the statute, and invoked the common-law principles as in some way carried over into the statute, and affecting its construction and operation. However this may have been, the plaintiff is, under the circumstances, scarcely in a position to take advantage of this feature of the situation.

But the court went further and, misled in an endeavor to construe the statute according to common-law conceptions and to make it operate along common-law lines, gave erroneous instructions as to the rights and liabilities of the defendant husband under its provisions. The jury were distinctly told that if the husband had made reasonable provision for the support of his wife and family, he would not be liable in the present action, even though such provision was unknown to the sellers. These instructions, in effect twice repeated, were so elaborated in the charge as to clearly indicate the court's view that the responsibility imposed by the statute is limited to things "needed" for a reasonable support according to the station in life, style of living, etc.; the argument being that those not so needed could not, within the contemplation of the statute, be regarded as going to the support of the family. This limitation is without authority either in the purpose, origin, or language of the Act. The common-law rule as to necessaries is one born of common-law conceptions of the marital relation, and exists as well in the interests of those members of the family for whose support a duty is cast upon the husband and father, as in the interests of society. The statute, on the other hand, was in its present pertinent provisions designed in no small measure for the protection of third parties who might have dealings with married persons. It was first enacted in 1877 as one of the features of the reform Act of that year, which dealt with the property rights of married persons, and as a natural corollary of the radical change in public policy then introduced. It had its foundations in the new conceptions of marital property rights and relations which underlay the reform, and in the new conditions created by it. The scope of the agency created, and the extent of the corresponding liability imposed, are carefully defined in the statute. There is no hint at a limitation to necessaries or things reasonable, with respect to articles which in fact go to the family support. The reason for the absence of such limitation is apparent, and none can be fairly read into the Act. The right of the principal, by notice, pro-

hibition, or otherwise, to control the exercise of this agency, or to restrict it, or to terminate it, in so far as the statute is concerned, involves questions not before us upon this appeal.

The court was in error in making the provision by the defendant husband, of suitable support for his wife and family, the test of his liability under the complaint, and in telling the jury that such provision of itself, although unknown to the sellers, would deprive them of the benefit of his credit and relieve him of all responsibility for his wife's purchases, although they in fact went to the support of the family.

There is error and a new trial is granted.

In this opinion the other judges concurred.