ROSARIO FERRIGINO *vs.* MINNA K. KEASBEY ET AL.

* First Judicial District, Hartford, January Term, 1919.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

In an action to recover a balance claimed to be due for labor and for moneys paid for the defendants, who were husband and wife, one of the issues was whether the plaintiff was employed by the wife as well as by her husband. *Held* that this issue was properly submitted by the trial judge to the jury.

A defendant who asserts payment of an indebtedness by note, assumes the burden of proof upon that issue; as the presumption of law is that it was not taken in payment.

* Transferred from second judicial district.

General Statutes, § 5275, relating to purchases by husband or wife, provides, among other things, that both shall be liable when any article purchased by either shall have in fact gone to "the support of the family, or for the joint benefit of both." *Held* that the latter clause had a wider and more extended application than the former, and included whatever promoted personal happiness, profit, or advantage.

Money expended for the feed of horses belonging to the husband but used by the wife for her pleasure, is expended "for the joint benefit of both," within the meaning of that expression in the statute.

There is no limitation of the liability of husband and wife under the statute (§ 5275), with respect to articles purchased which in fact are for the joint benefit of both, or which go to the family support.

A statement of facts in the charge which is in nowise questioned or excepted to, may be assumed by this court upon appeal to be true, at least in the absence of the evidence.

A defect or irregularity of form in written interrogatories submitted to a jury, will not vitiate a verdict if the two are consistent and it is apparent that no harm was caused thereby to the losing party.

The case of *Fitzmaurice* v. *Buck*, 77 Conn. 390, explained and distinguished.

Argued January 10th—decided May 2d, 1919.

ACTION to recover for services and supplies alleged to have been rendered for, and furnished to, the defendants, husband and wife, for their joint benefit, brought to the Superior Court in New London County and tried to the jury before *Greene, J.;* verdict and judgment for the plaintiff for $2,500 against each of the defendants, from which they appealed. *No error.*

This action is brought against the defendants, as husband and wife, to recover a balance claimed to be due the plaintiff for labor furnished, and for money paid and laid out by him for the defendants for supplies, horse feed, repairs of buildings, milk, cream, eggs, vegetables and other supplies claimed to have been furnished to the defendants when they were in the occupation of certain premises and real estate owned by the defendant wife, Minna W. Keasbey. These premises were located on Ocean Avenue in the city of New London, and consisted of about eight acres of land with a

large dwelling-house occupied by the defendants, a summer cottage occupied by the plaintiff, a barn and stable, a chicken house, a number of coops or buildings for birds, and a dog kennel. At the time these services were rendered and supplies furnished, the defendants, with one child, occupied these premises as a family.

From the allegations set forth in the plaintiff's complaint, the defendants' requests to charge, and the claims of the parties as to evidence, it appears that both parties united in treating this complaint as one stating a cause of action upon an express contract to pay, and also as one brought under the provisions of § 5275 of the General Statutes. The defendants made separate answers. Each answer contains three defenses. The first defense and second defense are the same in both answers. The first and second defenses set forth claims of payment by certain negotiable notes given by the defendant husband to the plaintiff, which it is averred were given to the plaintiff and received by him in full payment of the plaintiff's claims up to the date of the notes. The third defense in each answer contains admissions and denials of the allegations of the complaint, and also avers that payments have been made in full to the plaintiff. The averments of these answers were denied by the plaintiff in his reply.

*Tracy Waller*, for the appellants (defendants).

*Arthur T. Keefe*, for the appellee (plaintiff).

RORABACK, J. The reasons of appeal assign error in the court's refusal to charge the jury as requested, in the charge as given, and in submitting certain interrogatories to the jury. One assignment of error is based upon the alleged failure of the trial court to instruct the jury, as requested by the defendants, as to the

liability of Mrs. Keasbey by contract. It appears that
in this connection the plaintiff offered evidence to prove
and claimed to have proven that "the goods and serv-
ices mentioned in the bill of particulars were furnished
and rendered to the defendants on a contract made
between the plaintiff and the defendants." This the
defendants offered evidence to disprove, and they also
offered evidence to show that "during all the time cov-
ered by the bill of particulars, the plaintiff was employed
by the defendant Roland P. Keasbey and not by the
defendant Minna W. Keasbey." This question was
properly submitted to the jury by the trial judge, who,
among other things, instructed the jury as follows:
"The defendants, however, claim that he was never
hired by Mrs. Keasbey. Here you have the first ques-
tion which you must solve. Was the plaintiff an em-
ployee of Mrs. Keasbey, as well as of Mr. Keasbey? Of
course, if he was, she is liable for his services. There
might, of course, under some states of fact, have been
a liability of Mrs. Keasbey under an implied contract,
but, if I understand plaintiff's testimony, he claims a
very definite express contract between himself on the
one side and both Keasbeys on the other."

Complaint is made of one portion of the charge re-
lating to the alleged payment of the plaintiff's claim
by notes, in which the court said: "Now, providing you
have found a liability against Mr. or Mrs. Keasbey, or
both, you will recall and consider the evidence about
the giving of these notes, none of which, it appears, has
been paid. You will remember that Mrs. Keasbey
says she didn't know anything about it; that whatever
was done about the notes was done between Mr. Keas-
bey and the plaintiff. The plaintiff says that in the
spring of 1914 he, after urging the payment of the
amount due to him, received the two notes mentioned
in the first defense of the defendants; that is, each for

$650, one coming due in four months and the other in six. The question is, then, whether he accepted these notes in payment of all of his claims up to that time. As I have stated, the burden is on the defendants to prove that he did so. The presumption of law is that they were not taken in payment." This, in substance, is in accord with the repeated statements of this court. "The mere giving of a negotiable note does not, in the absence of any special agreement to that effect and while the note is held by the payee, merge or extinguish the original indebtedness or cause of action which formed the consideration of the note." *Cummings* v. *Gleason,* 72 Conn. 587, 589, 45 Atl. 353. And further than this, in this case the burden of proof, upon the question of payment, was upon the defendants. They raised this question in their answers, which was met with a denial by the plaintiff in his reply. Stephen's Digest of Evidence (Conn. Notes) page 266; 16 Cyc. 926 "B"; *Baxter* v. *Camp,* 71 Conn. 245, 252, 41 Atl. 803.

One reason of appeal recites a long passage in the charge which occupies almost four pages of the printed record. No particular error is pointed out and it is not distinctly indicated what mistakes are claimed to have been made, as required by the provisions of § 5833 of the General Statutes. Nevertheless, we have examined this portion of the charge in connection with certain of the defendants' requests, in the latter of which we find this proposition of law: "If you find that the feed for the horses and dogs was furnished under a contract made between the plaintiff and Mr. Keasbey, and that Mrs. Keasbey had not made herself a party to this contract, then you will find that Mrs. Keasbey is not liable for the items for such feed charged in the bill of particulars." As to the dogs, the jury were instructed in effect, that they should not allow against Mrs. Keas-

bey any of the items for food or transportation of the dogs, or any other items which they could distinguish as belonging to the dogs. As to the horses, the jury were told, in substance, that the family required transportation from place to place about their business, or for their reasonable pleasure, and that the horses existed on the place for their special benefit. Indeed, it is particularly testified by Mrs. Keasbey that two of the horses were for her use, that she called them her own, although she did not legally own them; and the other two were for the use of her daughter.

It is to be noticed that this request of the defendants made no reference to the wife's liability under the provisions of § 5275 of the Revision of 1918, which provides that "all purchases made by either husband or wife in his or her own name, in case of marriages on or after April 20, 1877, shall be presumed, in the absence of notice to the contrary, to be on his or her private account and liability; . . . and both shall also be liable when any article purchased by either shall have in fact gone to the support of the family, or for the joint benefit of both, or for the reasonable apparel of the wife, or for her reasonable support, while abandoned by her husband." The decisive question here involved is not necessarily whether the articles in question went to "the support of the family." There is a clear distinction between the words of the statute, "the support of the family," and the words, "for the joint benefit of both." The latter have a more extended application than the former. 1 Words & Phrases, page 751. The word "support" is defined thus: "Sustenance; maintenance." Anderson's Law Dictionary, 994. "Support" is also generally used to mean articles for the sustenance of the family. 3 Bouvier's Law Dictionary (Rawle's Revision) page 3189. "Benefit" is defined in Worcester's Dictionary as "advantage; gain; profit."

In Webster's New International Dictionary, the word "benefit" is defined to be "whatever promotes prosperity and personal happiness; advantage; profit; good." See also Bouvier's Law Dictionary, page 338, and 7 Corpus Juris, page 1136, note C.

The statement of facts upon which the trial court based the instructions just referred to, was not in any way questioned or excepted to, and for the purpose of this case the statements may be taken as true. Facts which are uncontroverted may properly be assumed to be proven. *McCaffrey* v. *Groton & Stonington Street Ry. Co.*, 85 Conn. 584, 594, 84 Atl. 284.

The controlling question here involved was whether the money which the plaintiff had expended for feed for the horses, was for the joint benefit of both husband and wife. This question was one of law, upon facts which were not disputed. Under these undisputed facts it is apparent that the money which the plaintiff paid for the horse feed was properly considered by the court below as being for the benefit of both husband and wife, and using the synonym of the word "benefit," it was expended by the plaintiff for their "advantage, profit and gain."

The statute of 1877 (§ 5275) is a wide departure from the common law, and we have been called upon to construe and enforce this law in two or three cases as they have arisen. One under this statute was *Buckingham* v. *Hurd*, 52 Conn. 404. This was for a bill of goods purchased by the husband upon his credit at the plaintiff's store. These goods were used in the management of a farm upon which Hurd and his wife were residing and which belonged to the wife, who was carrying on the business of farming, and for a part of the time selling milk. The goods were purchased in the management of the business, either for the benefit of the business or for the property, for the support of the farm,

and were used for these purposes with the knowledge
and consent of the wife. After stating these facts,
this court said (p. 406) that the law does not make
"the wife a guarantor, requiring diligence or any ef-
fort, as a condition precedent to her liability, to collect
the debt of her husband. It makes her primarily li-
able and calls it a 'joint liability.' The theory and ef-
fect of the statute is, that it raises an implied promise
from the use of the goods in the support of the family,
or for the joint benefit of both." The case of *Fitz-
maurice* v. *Buck*, 77 Conn. 390, 59 Atl. 415, upon which
the defendant relies, is not inconsistent with our con-
clusions in the present case. The question there pre-
sented was as to the liability of a husband married
since 1877 for shoes bought by the wife for herself and
children. The trial court, in the *Fitzmaurice* case,
instructed the jury that the husband was not liable
provided he had made reasonable provision for their
support, even though the fact was unknown to the ven-
dor. This we held was error. In referring to this prop-
osition, this court, on page 393, stated in part that
this statute "was in its pertinent provisions designed
in no small measure for the protection of third'parties
who might have dealings with married persons. It
was first enacted in 1877 as one of the features of the
reform Act of that year, which dealt with the property
rights of married persons, and as a natural corollary of
the radical change in public policy then introduced.
It had its foundations in the new conceptions of mari-
tal property rights and relations which underlay the
reform, and in the new conditions created by it. The
scope of the agency created, and the extent of the cor-
responding liability imposed, are carefully defined in
the statute. There is no hint at a limitation to neces-
saries or things reasonable, with respect to articles
which in fact go to the family support. The reason

for the absence of such limitation is apparent, and none can be fairly read into the Act." The language of the opinion above quoted indicates and makes it certain that there is no limitation of the liability of husband and wife with respect to articles which in fact go to the family support, or for the joint benefit of both.

It does not appear that the court erred in stating to the jury that "Mrs. Keasbey admitted on the stand that she had no criticism to make as to the correctness of his account [the plaintiff's], but only claimed that she was not liable for it. In fact, as far as I know, there is no testimony attacking the correctness of the account." The evidence is not before us, and we have the right to assume that the facts referred to by the trial court upon this point were unquestioned by the defendants. Where the evidence is not in the record, and the instruction assumes the existence of a fact, it will be presumed that such fact was either admitted on the trial by the parties, or was established by uncontradicted evidence. 4 Corpus Juris, 770.

The defendant complains of the action of the trial court in submitting to the jury the following interrogatories: "Is Mrs. Keasbey liable to the plaintiff by contract? A. Yes. If Mrs. Keasbey is not liable by contract, is she liable by statute, on the ground that Mr. Keasbey purchased of the plaintiff articles which, in fact, went to the support of the family, or for the joint benefit of both? A. Yes." These questions, the defendants contend, were objectionable in form as calling for a conclusion of law. But the defendant made no objection to these interrogatories when they were presented, and it now appears that she was in no way injured thereby. These interrogatories, as they were submitted and answered, are consistent with each other, with the issues presented, with the instructions

of the court as given, and with the general verdict which was rendered by the jury. Such a verdict must stand, although there may have been an irregularity in the form of the written interrogatories.

There is no error.

In this opinion the other judges concurred.