FREDERICK R. EMATRUDO *vs.* JOHN GORDON ET UX.

Third Judicial District, Bridgeport, October Term, 1923.
WHEELER, C. J., BEACH, CURTIS, KEELER and WOLFE, Js.

The trial court may properly refuse to add to a finding, which sets forth
all facts essential to the presentation of the case on appeal, matter
which is merely descriptive and evidential.

The trial court is not bound to dissect requested corrections of the
finding, but may reject the entire paragraph if any part of it is
objectionable.

Whether a plastic surgery operation to improve the appearance of a
husband who had a painless but disfiguring scar upon his cheek, was
a "reasonable and necessary" expense within § 5275 of the Gen-
eral Statutes, so as to render the wife as well as the husband liable
therefor, is a question that cannot ordinarily be determined with-
out proof of the amount of the family income, the nature of the
husband's employment, the extent to which each spouse con-
tributed to the family support, the amount of their invested prop-
erty and, in short, the pecuniary situation of the parties, their
social status and surroundings and their usual style of living; and
therefore if the record fails to disclose such facts, this court cannot
reverse, as erroneous, the conclusion of the trial court exonerating
the wife from liability for the surgeon's services.

Argued November 2d—decided December 13th, 1923.

ACTION by a surgeon against husband and wife to
recover for professional services rendered in improving
the facial appearance of the husband, brought to and
tried by the City Court of New Haven, *Hoyt, J.;* facts
found and judgment rendered for the plaintiff for $218

against the husband only, and in favor of the wife, from which the plaintiff appealed. *No error.*

*Joseph V. Esposito,* with whom, on the brief, was *William J. McKenna,* for the appellant (plaintiff).

*Edward G. Levy,* for the appellee (defendant Frances E. Gordon).

KEELER, J. This action was brought by the plaintiff against the defendants, husband and wife, to recover compensation for a certain operation of plastic surgery performed upon the face of John Gordon, the husband. The plaintiff seeks to charge the defendant John Gordon directly for the services rendered to him at his request, and also to charge Frances E. Gordon, his wife, by force of General Statutes, § 5275, which provides that both husband and wife "shall be liable for the reasonable and necessary services of a physician rendered the husband, wife or their minor child," etc.

The trial court found that on November 1st, 1921, the defendant John Gordon had, and had had for a long time prior thereto, a scar extending from the angle of the mouth across the face to the left ear, which marred and impaired his personal appearance. No pain or suffering was caused by the presence of the scar. The plaintiff agreed with the defendant John Gordon that he would operate upon him for $200 and expenses incident to the operation, and stated to him that thereby he could improve his appearance. Plaintiff thereafter, with the assistance of Dr. Giamarino, performed an operation upon John Gordon which did not remove the scar, but "greatly improved his appearance to a marked degree." The expenses of the operation were $18.

The defendants had intermarried since April 20th, 1877, and on November 1st, 1920, and for a long time

prior thereto, had been cohabiting as husband and wife. The plaintiff at the time of the operation and at the time of bringing suit, was a duly licensed and practicing physician in the State of Connecticut.

The defendant Frances E. Gordon at no time contracted with the plaintiff, and the plaintiff at no time conversed with or discussed or contracted with her relative to the operation.

The trial court reached the conclusion that the operation was only to improve the appearance of the defendant John Gordon, and was not a reasonable and necessary operation.

The plaintiff asked the trial judge to add to the finding the following paragraphs: "That said scar was a terrible scar, and that the defendant John Gordon was desirous of having it so removed or modified that it would not impede him in his work, and further that said scar was an ugly sight and the defendant John Gordon was ashamed to be seen with it. The defendant John Gordon had been previously operated upon for said scar, and was willing to make any payment if the plaintiff and his assistant could build it up for him so that it would not be such an ugly scar, owing to the fact that it interfered with his occupation as a salesman, and was unsightly. The defendant John Gordon was a salesman by occupation."

The court was also asked to add the following paragraph: "Said operation improved the appearance of the defendant John Gordon ninety-nine per cent more than it was prior to said operation." The trial court refused to make these corrections.

The plaintiff assigned error in the conclusion of the court as above stated, and also in its refusal to make the corrections in the finding as above set forth.

The corrections of the finding asked for by plaintiff were properly refused by the trial judge; that first

above noted, consists largely of evidential matter
characterizing the nature of the scar and the desirability
of removing same by reason of the feeling of shame by
Gordon concerning his repulsive appearance, which
latter interfered with his occupation as a salesman,
and that Gordon was in fact a salesman. This matter
was evidential merely, summarizing the testimony of
Dr. Giamarino, who assisted the plaintiff in the opera-
tion, except as to the fact that he was a salesman. All
except this was covered by the finding made, that the
scar marred Gordon's appearance, which was impaired
by its presence. This latter fact suggested the pro-
priety of an operation, and furnished abundant reason
for its performance, so far as the desires and feelings of
Gordon were concerned. Had the fact that Gordon
was a salesman been the only one the inclusion of which
was asked by way of correction, it might properly have
been found. But the trial judge had a right to con-
sider the correction asked for as a whole, and if any
part of it was objectionable, to refuse to find the entire
paragraph. He was not called upon to make a finding
stressing the appearance of Gordon's injury, and the
latter's feelings in regard to the same. He had already
found all the facts essential for the plaintiff's presenta-
tion of his case on appeal. It was not necessary to
render any more vivid by adjectives the fact that the
scar extended from the corner of the mouth to the ear.
Such is not the office of a finding. *Woodruff* v. *Perrotti*,
99 Conn. 639, 122 Atl. 452.

The judge was justified in refusing to add, by way
of correction, the other paragraph above set forth.
He had already found that the operation "greatly im-
proved his [Gordon's] appearance to a marked degree."
To add that there was a ninety-nine per cent improve-
ment, as Dr. Giamarino estimated, in no way fortified
the presentation of plaintiff's claims of law.

Had the court found that Gordon was a salesman, the situation as disclosed in the finding of the court would in no way have been changed. A man has more than a mere blemish when a scar of the extent found runs across nearly the whole of one cheek, and it is certainly a reasonable inference that such a disfigurement would be extremely unsightly and tend to be repellant to persons with whom Gordon might seek to do business, whether as a salesman or in some other capacity.

Passing to the question of the wife's liability under the clause of General Statutes, § 5275, above quoted, which creates an action in favor of a physician against a wife for services reasonable and necessary rendered to her husband, we note that as it now stands in the section just noted, it was added to the section as it stood in former revisions by Public Acts of 1903, Chapter 9. The original section came into our law in Public Acts of 1877, Chapter 114, § 2, as a part of the Act of that year concerning domestic relations, greatly modifying the property rights and obligations of husband and wife theretofore existing. The original section has been construed liberally as regards the liability of either husband or wife to third persons, where goods purchased have in fact gone into the maintenance of the common household, and it has been held that as regards such a transaction, the fact of the reasonableness and necessity of the goods furnished or services rendered is not involved. *Buckingham* v. *Hurd,* 52 Conn. 404; *Fitzmaurice* v. *Buck,* 77 Conn. 390, 59 Atl. 415; *Ferrigino* v. *Keasbey,* 93 Conn. 445, 106 Atl. 445; *Howland Dry Goods Co.* v. *Welch,* 94 Conn. 265, 108 Atl. 510.

The clause amending the statute in 1903, does, however, limit the reciprocal liability of each spouse for medical services rendered the other, to such as are

reasonable and necessary, and the obligation of the wife under the statute is neither greater or less than that of the husband. The latter is liable at common law for medical services, reasonable and necessary, rendered to the wife. "Physic," as used in its original and broad sense, is included in necessaries. *Shelton* v. *Pendleton*, 18 Conn. 417, 422. Surgical services undoubtedly stand upon the same ground as medical services. And so it appears that in considering the liability of the wife, we may say by way of interpretative analogy, that in substance it is the same as the husband's common law liability for services rendered the wife.

If, then, the wife's liability under the statute for surgical services to her husband is equivalent to the liability of the husband for like services furnished the wife, we are led to consider the rules affecting the ascertainment of that liability. The service rendered must be both reasonable and necessary. In this connection these words have no technical or legal signification differing from their content and sense in the common use. In determining whether any given medical or surgical attention comes within the purport of these words, both reasonableness and necessity are factors in any given case and must to some extent concur. It is to be determined, in the first place, whether the service to be rendered is reasonable, and if so, whether the particular operation or treatment is necessary to effect a reasonable object. Sometimes one of these factors may predominate so as practically to control the situation. The necessity might be so great and imminent as to clearly show reasonableness, as when a person is in imminent danger of death or some very serious ill. On the other hand, while in a given case a certain operation or course of treatment may be necessary to promote a desired end, the end

itself, in view of the circumstances of the parties concerned, may not be reasonable. In any given case it might well be that the station in life of the parties, their usual style of living, and their pecuniary position in general, being upon a liberal and generous scale, would justify charging the wife with the services of a most expert and expensive practitioner of plastic surgery to restore the husband's facial symmetry and comeliness; on the other hand, on account of facts of the same nature but compelling a contracted mode of life and careful attention to pecuniary outgo, and considering the requirements of a less exacting social environment, it would be unreasonable and unjust to compel a wife, not by reason of her own contract but as a burden cast on her by statute, to defray a charge such as that just suggested, or indeed any charge. To determine the question the trier would have to consider, in the instant case, what was the extent of the family income, the nature of the husband's employment, and whether it was steady or casual, whether or not the appearance of his face after the accident and prior to the operation, which interval the trial court states to have been a long time, had in fact operated adversely to the continuance or procurement of employment. There was also to be considered the extent to which both husband and wife contributed to the family support, the existence of any invested property and, in general, the pecuniary situation of the parties and their social surroundings and general course of life. It is found by the court that there was no pain or suffering caused by the injury resulting in the scar.

Assuming that the trial court had found facts showing that the station in life, style of living and pecuniary situation of this family would have made this expenditure reasonable and necessary, the conclusion of the trial court upon such a state of facts, that these services

were neither reasonable nor necessary, would have been reviewable as a matter of law, and error must have been predicated thereon. But without these additional facts the conclusion of the trial judge must be tested as a matter of law upon the facts found, and upon these we must conclude that the trial judge was not in error in drawing the conclusion which he has drawn. *Nolan v. New York, N. H. & H. R. Co.,* 70 Conn. 159, 39 Atl. 115; *Hayward v. Plant,* 98 Conn. 374, 380, 119 Atl. 344.

There is no error.

In this opinion the other judges concurred.