## MORRIS COHN vs. SAM SNYDER.

First Judicial District, Hartford, March Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

The liability of a husband, married since April 20th, 1877, for debts incurred by his wife, may rest either upon an express promise by him, a breach of his duty to provide necessaries as at common law, or the obligation imposed by § 5275 of the General Statutes. Each of these forms of liability is wholly distinct from the others, rests upon entirely independent foundations, and is complete in itself.

The first count of the complaint in the present case alleged the desertion of his wife by the defendant, his neglect to provide her and their children with a tenement, the supplying of such tenement by the plaintiff, its reasonable value, and the defendant's failure to pay for it. *Held* that this set forth a cause of action for breach of the defendant's common-law duty to provide his wife with necessaries; and that it could not be construed as an action under the statute, since there was no allegation that it was "for the rental of any tenement . . . actually occupied by such husband and wife as a residence and reasonably necessary to them for such purpose."

It is essential to a recovery for a breach of the common-law obligation that the husband be in actual default in his duty to provide necessaries. Therefore, the plaintiff was not entitled to judgment

in view of the finding that after the defendant had ceased to live with his wife, he provided her first with a tenement and weekly payments of $20 and later, when she had changed her abode, with additional weekly payments of $5 to meet her increased expense for rent.

The trial court properly excluded from evidence a decree of divorce, granted to the defendant's wife on the ground of intolerable cruelty, since it had no tendency to prove, as claimed by the plaintiff, that the defendant's notice that he would not be responsible for the rent, was of no effect in releasing him from liability therefor.

The divorce decree provided that the wife's alimony should include "certain bills already contracted by her for house rent and other necessities of life." Held that this was merely a method of measuring the amount of alimony which the defendant should pay his wife and that it did not create a right in favor of the plaintiff, analogous to that of a third-party beneficiary, which he could enforce by action directly against the defendant.

Alimony is not a debt which is available to a wife's creditors by attachment or otherwise.

Argued March 4th—decided July 30th, 1925.

ACTION to recover the rental of premises alleged to have been occupied by the defendant's wife, brought to the Court of Common Pleas in Hartford County and tried to the court, *Dickenson, J.;* judgment rendered for defendant, and appeal by the plaintiff. *No error.*

*Donald Gaffney,* with whom, on the brief, was *Bernard F. Gaffney,* for the appellant (plaintiff).

*William F. Mangan,* for the appellee (defendant).

CURTIS, J. In the case of *Fitzmaurice v. Buck,* 77 Conn. 390, 391, 59 Atl. 415, we speak of the liability of a husband, married since April 20th, 1877, for purchases by his wife as follows: His liability "may rest either upon an express promise to pay therefor, upon a breach of his duty to provide necessaries as at common law, or upon the obligation imposed by statute [now § 5275]. . . . Each of these forms of liability is wholly

distinct from the others, rests upon entirely independent foundations, and is complete in itself." The court then states that the action in that case was one brought on the statute, and hence did not involve questions which would be raised in an action for supplying necessaries.

We turn to the record in the instant case and find that in the Court of Common Pleas the complaint as amended was in two counts; the first alleged the desertion of Rose Synder and her children by her husband, the defendant; the neglect of the husband to supply his wife and children with a tenement; the supplying of such tenement to her by the plaintiff for her use and that of the children; that the use of the tenement was reasonably worth $25 per month, and that defendant has never paid the same.

The second count alleges the marriage of Rose Snyder; the abandonment of her by her husband; the judgment in her favor in a divorce action; that the judgment provided that she was to have alimony, including "certain bills already contracted by [with] the plaintiff for house rent and other necessities of life amounting approximately to $550;" that said rent was incurred during the period in question; that nothing has been paid by the defendant in regard to these bills, due to the plaintiff.

A bill of particulars covering the claimed rent due was filed and has been treated as a part of each count. We do not notice the irregularity of pleading, but dispose of the case as if the facts of the bill of particulars were incorporated in each count.

The first count is an action for supplying the defendant's wife and children with a tenement as a necessary. In other words, of the three forms of liability upon which an action may be brought against a husband as specified in *Fitzmaurice* v. *Buck*, 77 Conn.

390, 59 Atl. 415, the plaintiff alleged a cause of action based on supplying necessaries to the wife.

The following reason of appeal of the plaintiff indicates that he so interprets the first count: "2. The facts set forth in the finding do not support the conclusions reached in paragraph 15 because mere notice to a creditor cannot exempt a husband of the legal duty to furnish necessaries for his wife."

Furthermore, the allegations of the first count do not support an action for the rental of a tenement under § 5275, for there is no allegation that the action is "for rental of any tenement . . . actually occupied by such husband and wife as a residence and reasonably necessary to them for such purpose," as the section provides. The last sentence in § 5275 relates to the collection of a joint judgment, and not to the creating of causes of action. *Buckingham* v. *Hurd*, 52 Conn. 404, 406.

A rental of a tenement to a wife alone, creates a cause of action against the husband when the facts found disclose the essential facts necessary to support an action for necessaries. See Form of Complaint, No. 139, Practice Book, p. 385. The facts found by the court disclose facts which are inconsistent with an action for necessaries. The husband did not abandon the wife in this case, in the sense that he left her and her children without providing for their support. He provided a tenement for them and made her an allowance of $20 per week for their support, and when later she and her children moved from such tenement into another tenement, the husband paid her an additional $5 per week for her increased expense for rent. In other words, the wife and children were supplied with the means of procuring necessaries by the husband, and anyone supplying alleged necessaries must prove that the husband was in default in order to bind him. The

finding discloses that the wife and children were not in need of necessaries of any kind by default of the husband when they lived in the plaintiff's house. Under such circumstances the plaintiff has no cause of action against the defendant for supplying a necessary tenement to the wife.

In *Pierpont* v. *Wilson,* 49 Conn. 450, 451, we say that when the husband "by knowingly permitting the wife to be without necessary supplies, and without money or credit of her own wherewith to procure them, [he] authorized her to purchase them from . . . any . . . person, who having knowledge of her necessities, should supply them." The facts found disclose that no such situation was proved in this case.

The plaintiff offered in evidence the decree of divorce granted the wife in May, 1923, for intolerable cruelty, as evidence tending to show that the notice given to the landlord by the defendant that he would not be responsible, was of no effect in releasing the husband from liability for necessaries. This decree could not affect the legal effect of such a notice, and the court properly excluded it.

The eight so-called claims of law made by the plaintiff, which raise in part abstract questions of law as well as questions of law and fact, in so far as the judgment discloses that they were overruled, were properly overruled. The requests for corrections of the finding are denied.

The plaintiff claims that the court erroneously sustained the demurrer to the second count. The second count is an attempt by a creditor of the wife of the defendant, in an action against him in which she is not a party, to secure what he deemed to be in effect a specific performance of the decree granted to her in a divorce proceeding against her husband. Her decree provided that her alimony should include "certain bills

already contracted by the plaintiff for house rent and other necessities of life" amounting to about $550. This provision in the decree is merely a method of measuring the defendant's liability to his wife for alimony. The plaintiff has no right in the nature of a right given him by a contract of the husband and wife to sue the husband for the amount so decreed to the wife, in analogy to the principles established in *Baurer* v. *Devenis,* 99 Conn. 203, 121 Atl. 562. Also alimony is not a debt which may be reached by the wife's creditors by attachment or otherwise. *Wright* v. *Wright,* 93 Conn. 296, 105 Atl. 684. The demurrer was properly sustained.

There is no error.

In this opinion the other judges concurred.