ESTELLA S. DUBOW *vs.* SEBASTIANO GOTTINELLO ET AL.

First Judicial District, Hartford, March Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued March 4th—decided March 31st, 1930.

*Terry J. Chapin,* for the appellant (plaintiff).

*Louis M. Schatz,* with whom was *Joseph B. Griffin,* for the appellee (defendant).

HAINES, J. The undisputed facts of this case are that the plaintiff was the proprietor of a hay, grain and feed business, and the defendant Sebastiano Gottinello owned and conducted a teaming and contracting business, using therein one or more horses of his own. He carried on this business for a livelihood and the income therefrom was used by him in the support of his wife and family. The defendants were married on or after April 20th, 1877. Between December 14th, 1925, and July 7th, 1928, the plaintiff sold the defendant husband hay, grain and feed of the reasonable value of $875.91 for the feeding and keeping of these horses, and it was so used. The balance of the sum remaining unpaid was $287.50, for which sum judgment was given the plaintiff against the defendant husband, but the wife was held not liable. The plaintiff contended that the defendant wife was jointly liable for this merchandise on the ground that

it had "gone to the support of the family, or to the joint benefit of both," under the provisions of General Statutes, § 5275—part of what is known as the Married Woman's Act of April 20th, 1877. Public Acts of 1877, Chap. 114. The sole question presented by this appeal concerns the validity of the adverse ruling of the trial court upon this claim of the plaintiff.

The relevant portions of General Statutes, § 5275, before amendment by Public Acts of 1929, Chapter 58, read as follows: "All purchases made by either husband or wife in his or her own name, in case of marriages on or after April 20th, 1877, shall be presumed, in the absence of notice to the contrary, to be on his or her private account and liability; . . . and both shall also be liable when any article purchased by either shall have in fact gone to the support of the family, or for the joint benefit of both, . . . It shall be the duty of the husband to support his family, and his property when found shall be first applied to satisfy any such joint liability; and the wife shall in equity be entitled to an indemnity from the property of the husband, for any property of her own that shall have been taken, or for any money that she shall have been compelled to pay, for the satisfaction of any such claim."

This Act has had a liberal construction in favor of third persons who have furnished articles which have actually gone to the maintenance of the family household, and it has been held that the reasonableness and necessity of such articles need not be proved. *Ematrudo* v. *Gordon,* 100 Conn. 163, 123 Atl. 14; *Howland Dry Goods Co.* v. *Welch,* 94 Conn. 265, 108 Atl. 510; *Ferrigino* v. *Keasbey,* 93 Conn. 445, 106 Atl. 445; *Fitzmaurice* v. *Buck,* 77 Conn. 390, 59 Atl. 415; *Buckingham* v. *Hurd,* 52 Conn. 404. We have also recognized a distinction between the phrases "the sup-

port of the family" and "for the joint benefit of both," the latter having a more extended application than the former, and possibly comprehending certain things which did not in fact go directly to the actual support of the family, the word "support" being defined as sustenance or maintenance, and the word "benefit" as advantage, gain or profit. *Ferrigino* v. *Keasbey, supra,* at page 450. Counsel for the plaintiff bases the claimed right of recovery upon the interpretation which he puts upon our decisions in *Buckingham* v. *Hurd,* 52 Conn. 404, and *Ferrigino* v. *Keasbey,* 93 Conn. 445, 106 Atl. 445. The *Buckingham* case was decided in 1884 and the pertinent terms of the statute were then essentially the same as at present. Public Acts of 1877, Chap. 114. The defendants, husband and wife, resided upon and conducted a farm, a part of the business thereon being the sale of milk. All the land, cattle and implements were the property of the wife, save that for a portion of the time the husband owned five cows. In the management of the farm, the husband purchased certain goods at the plaintiff's store upon his own credit, and the wife made no express promise to pay for them. These goods were bought "either for the benefit of the business, or of the property, or for the support of the family, and were used for such purposes with the knowledge and consent of the wife. The plaintiff knew the purposes for which the goods were purchased, that the property belonged to his [the] wife, and that the husband was pecuniarily irresponsible." There were but two contested issues—the first being the defendants' claim that the action would not lie against the husband and wife jointly, but the liability of the latter could only follow the return unsatisfied, of an execution upon a judgment against the husband. It was held that the liability created by the statute was

joint.  The second defense was that the plaintiff being
a resident of the State of New York and the defend-
ants resident in Connecticut, the liability of the wife
was referable to the laws of the former State.  Our
conclusion upon that point was that this statute does
not make the wife a party to an express contract of
the husband but "simply imposes a liability upon the
wife when she has been the recipient of certain bene-
fits."  The statute gives a remedy confessedly to our
own citizens, and we held it equally available to citi-
zens of another State.  It does not appear that the
liability of the wife was otherwise contested, but in
discussing the first question we did say of the statute
that it did not make the wife in any sense a guarantor
for the husband, but created an implied promise to
pay for such goods, making her jointly liable with him,
thus overriding the general rule of the common law,
that an implied promise will not arise where there is
an express one.  We think the obvious reason why that
case was not contested on its merits, lay in the con-
ceded fact that the farm and business to which the
goods were applied, were owned by the wife, and she
could hardly have denied receiving the direct benefit
of the goods.  This clearly distinguishes this case from
the one now before us.

In the *Ferrigino* case, the plaintiff, in an action
against both husband and wife, sought to recover for
certain money, labor, repairs on buildings, horse feed,
milk, cream, eggs and vegetables which were furnished
the defendants while they occupied certain premises
and real estate owned by the defendant wife.  The
defendants with their daughter occupied these prem-
ises as a family.  Certain issues not relevant to the
present discussion, were raised and decided.  It seems
to have been shown that while the wife did not have
legal title to the horses, two of them were in fact kept

for her benefit and she called them her own, and two others were kept for the use of the daughter. Touching the application of the statute to this state of facts, we found the controlling question to be whether the money which the plaintiff had spent for feed for these horses should be considered as for the joint benefit of both husband and wife. The trial court held that it must be so considered as matter of law, and we sustained that view. It will be observed that all the items save that of feed for the horses, were applied directly to the benefit of the property which was owned by the wife, but though the legal title to the horses was in the husband, they were kept for the sole benefit of the wife and the daughter, two of the three members of the family. The plaintiff sees an analogy between this feed for the horses, and the feed for the horses in the case before us, but the analogy fails for the reason that in the *Ferrigino* case the sustenance for the horses was a direct benefit to the wife, directly applied, while in the present case it does not appear that she had any direct benefit whatever from the feed for the horses. She does not appear to have had either the title or the use of the horses. The plaintiff's claim in the present case is thus stated: "It would seem that in this . . . case the purchase price of hay, grain and feed which were in fact used in the feeding and keeping of horses, the income from whose earnings went to the support of the defendants and their family, should be recoverable under the provisions of § 5275."

There is nothing in this record to show save by conjecture, that "the income from the earnings" of these particular horses "went to the support of the defendants and their family." It is found only that the income from the husband's "general teaming and contracting business" was thus applied. Even were it shown that the earnings of these horses did in fact

contribute to this end, it would also be true that every agency by which the teaming and contracting business was made to produce income, contributed its share to that end. Other horses or trucks, machinery, tools and implements, rentals, wages of the employees, in short, every indebtedness incurred by the husband in the conduct of his business, would likewise contribute, but all of it indirectly, to the support of the family. In short, that process of reasoning would have the effect of making a wife jointly responsible with the husband in every business obligation he assumed for the purpose of obtaining an income, since his primary obligation in the use of that income, is the support of his family; it would impose upon her, essentially, the pecuniary obligation of a partner in all his business undertakings.

The statute must and should have a fair and reasonable construction in aid of its real purpose, but such construction must not carry it beyond that purpose. Some of the statutes in other jurisdictions, all having the same general purpose, use the term "family expenses," or "expenses of the family," and some are worded like our own. The general rule of interpretation deduced from the decisions, seems to be that the articles purchased must not only be for the family but used or kept for use in or by the family, or be beneficial thereto. 30 Corpus Juris, p. 611, § 162, and cases cited. They should be shown to be for the immediate sustenance, comfort or benefit of the family, and not things which represent the private or individual expense of the husband not affecting the family collectively. They do not include business or professional expenses. *Chamberlain* v. *Townsend*, 72 Ore. 207, 142 Pac. 782, 143 id. 924; *Hyman* v. *Harding*, 162 Ill. 357, 44 N. E. 754; *Staver Carriage Co.* v. *Beaudry*, 138 Ill. App. 147; 30 Corpus Juris, p. 612, § 162. The con-

struction of our statute for which the present plaintiff contends, would extend the obligation of the wife beyond reason and far beyond the purpose of the legislature in its enactment.

There is no error.

In this opinion the other judges concurred.