THE MAYFLOWER SALES COMPANY, INC. *v.*
BELLE M. TIFFANY.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued March 3d—decided April 8th, 1938.

*F. Anthony Francis,* for the appellant (plaintiff).

There was no appearance for the appellee (defendant).

Brown, J.   The plaintiff brought this action to recover a balance due upon the price of an oil burner sold to the husband of the defendant under a conditional bill of sale and installed in the residence occupied by them.   The court's finding, as amended by the single correction to which the plaintiff is entitled, contains these material facts:   On October 25th, 1933, the plaintiff sold to Floyd E. Tiffany, the defendant's husband, an oil burner and incidental equipment on a conditional bill of sale, and installed it in the house #2045 Boulevard, West Hartford.   At the time the defendant, her husband and her mother resided in the house as tenants, and occupied it as their home.   In making the purchase Mr. Tiffany contemplated that it should be installed in his home for the use of himself, the defendant and their family.   The defendant continued to reside there and enjoyed the use of the oil burner and equipment until she moved to New York, December 29th, 1933.   Her mother continued to reside there until the burner was taken out. The actual sale price of the burner and equipment less finance charges was $250, of which no part was paid.   January 24th, 1934, at the request of the defendant's husband the burner and equipment, except the wiring and fire bricks which were a necessary part of the unit and allowed to remain, were removed by the plaintiff under an agreement between them that

a fair allowance should be made for the burner in adjusting the amount of the balance due under the contract. The plaintiff allowed a credit of $107 as the fair value of the burner, controls, and tank, leaving a balance due under the contract of $143. Mr. Tiffany died February 5th, 1934. The conditional bill of sale provided that the plaintiff might repossess the property, sell it, and apply the net proceeds to the contract price and expenses, the purchaser remaining liable for any deficiency.

The only theory upon which the defendant could be charged with liability under the complaint and the only one upon which the plaintiff claims liability, is by virtue of § 5155 of the General Statutes. The pertinent words of the statute are: "All purchases made by either husband or wife in his or her own name, . . . shall be presumed . . . to be on his or her private account and liability; but both shall be liable . . . when any article purchased by either shall have in fact gone to the support of the family, or for the joint benefit of both. . . ." The statute does not make the wife a guarantor, but when the facts render it applicable, makes her primarily liable by raising "an implied promise from the use of the goods in the support of the family, or for the joint benefit of both. This is in addition to and independent of, and in no manner in conflict with, any express promise made by the husband or the promise which would be implied by the common law. Ordinarily the law will not imply a promise when there is an express one; but the statute overrides this rule of law and raises an implied promise." *Buckingham* v. *Hurd,* 52 Conn. 404, 406; *Dubow* v. *Gottinello,* 111 Conn. 306, 310, 149 Atl. 768. Whatever the precise extent of the defendant's liability might have been under this rule had the installation and use of the burner not been

followed by its removal by the plaintiff pursuant to its second agreement with her husband, in consequence of this further fact it is manifest that the burner has not "in fact gone to the support of the family, or for the joint benefit of both." Instead the plaintiff by its own act in removing the burner has eliminated any further possibility of that use and benefit to the defendant or her family which is contemplated by the statute, and which affords the basis of the defendant's liability thereunder.

This is not an action then for the price of a burner which has in fact gone to the support of the defendant's family or for the joint benefit of herself and husband, but rather one to recover the sum due under his express agreement with the plaintiff, made without the authority or knowledge of the defendant, by which he surrendered and it voluntarily accepted possession and control of the very article, for the price of which it counts on the statute to charge her with liability. While the statute is to be liberally construed (*Dubow* v. *Gottinello,* supra, 308), to allow a recovery to the plaintiff under it in such circumstances would be to construe it as raising an implied duty on the defendant to pay, not for an article made available for her benefit by the contract, but damages under an express contract she never made, which precluded her from the possibility of any further benefit of it. Such a construction is unwarranted by either reason or justice. *Straight* v. *McKay,* 15 Colo. App. 60, 62, 60 Pac. 1106; *Dougherty* v. *McCelland,* 192 Mo. App. 498, 501, 182 S. W. 766. The court was therefore correct in rendering judgment for the defendant.

There is no error.

In this opinion the other judges concurred.