MRS. HENRY W. TIBBALS
*vs.*
THE MIDDLETOWN TRUST CO., ADMR.
(Estate of Harding)

Superior Court        Middlesex County        File #7538

MEMORANDUM FILED NOVEMBER 26, 1938.

Joseph B. Griffin, of Hartford, for the Plaintiff.

L. O. Ryan, of Middletown, for the Defendant.

INGLIS, J. This is an action brought against the estate of Lincoln W. Harding to recover for board and care furnished the plaintiff's daughter, Jessie H. T. Harding, the wife of the defendant's intestate.

Prior to June 29, 1935, Mr. and Mrs. Harding were living together in the home of Mr. Harding's sister, Mrs. Eunice Marvin, it having been agreed among the three that Mr. and Mrs. Harding would continue there during the summer of 1935. On June 23rd both Mr. and Mrs. Harding had been injured in an automobile accident, Mrs. Harding having sustained several bruises and an injury to her sacro-iliac joint.

On June 29th, Dr. Callendar, the physician attending Mrs. Harding, it appearing that the facilities for caring for his patient at Mrs. Marvin's home were not adequate, advised that Mrs. Harding be moved to her mother's home temporarily for treatment. Mr. Harding acquiesced in this and she was on that day moved to Mrs. Tibbals' home, where she has remained ever since.

About the middle of July, Mrs. Harding was sufficiently recovered so that she could have returned to her husband. He requested her at that time to return, but she refused. He made a similar request in August.

In the latter part of August, 1935, Mrs. Harding removed

her belongings from Mrs. Marvin's home and on September 4th she instituted divorce proceedings against her husband on the ground of intolerable cruelty.

Near the end of September, 1935, Mr. and Mrs. Harding met at the Guilford fair but Mrs. Harding refused to talk to her husband. At the hearing of a motion for alimony *pendente lite* in the divorce proceedings held in the fore part of October, 1935, Mr. Harding urged his wife to return to him and again she refused. The divorce was denied in July, 1936, and, in November, 1936, Mrs. Harding had her husband arrested for non-support. Just before the hearing in that case, Mr. Harding asked his wife to come back to him and again she refused. He was found not guilty on the charge of non-support.

Again, in July, 1937, Mrs. Harding had her husband arrested for non-support but, before the case was heard, Mr. Harding died.

The plaintiff at no time made demand upon Mr. Harding for the payment of this claim.

The complaint does not allege any express promise by Mr. Harding to pay for the services, compensation for which is here claimed, but, even though it did, the evidence would not justify a finding that such an express promise was made. Moreover, the services were rendered under circumstances which were such that no promise to pay could be implied.

The plaintiff contends that she can recover because of the common-law liability of a husband to compensate a third party for necessaries furnish his wife. It is, however, essential to a recovery on that ground that it be found that the husband was in default in providing such necessaries. *Cohn vs. Snyder,* 102 Conn. 703.

It is not alleged in the complaint in this case that the husband was so in default and the evidence is clear that he was not. It is clear that the husband was ready and willing to provide board and necessary nursing for his wife during the whole period in question except for the first few weeks when the mother took her daughter home, not because Mr. Harding was refusing to provide for his wife, but simply as a temporary expedient and as an accommodation to both Mr. and Mrs. Harding. It was not the husband who abandoned the wife in this case, thereby forcing her to obtain support elsewhere, but rather the wife who abandoned the husband.

The plaintiff claims that it is *res judicata* that Mrs. Harding had not abandoned her husband because the Probate Court allowed her a widow's allowance. The only thing that is *res judicata* by that order of the Probate Court is that the wife is entitled to a widow's allowance. Inasmuch as the order recites that it is passed on the stipulation of the parties, it was not essential to the order that there be a finding that the wife had not abandoned her husband, and in any action other than one for the recovery of the widow's allowance, the only things which are *res judicata* are such findings as were actually litigated. *Scott vs. Scott*, 83 Conn. 634, 638.

Moreover, the parties to this suit are not the same as were the parties to the application for a widow's allowance. Mrs. Tibbals was not a party to the latter, nor so far as the claim involved in this action is concerned is she in privity with Mrs. Harding. She is here seeking to enforce an obligation which she claims Mr. Harding owes directly to her.

Judgment may enter for the defendant to recover of the plaintiff its taxable costs.