[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO CITE IN PARTY DEFENDANT
In this case the plaintiff, I.V. Services of America, Inc., has brought suit against the defendant, Jeanne Martin of Bloomfield, to collect monies allegedly due it for home health services rendered to the defendant from March through May, 1992. The plaintiff now moves this Court, under 99 and 103 of the Connecticut Practice Book, for permission to cite in the defendant's husband, Reginald Martin, on the theory that he has an interest which any judgment against the defendant will affect, to wit: a statutory obligation to pay for all medical expenses incurred by his wife, pursuant to 46b-37(b) of the Connecticut General Statutes.
Connecticut General Statutes 46b-37(b) provides in pertinent part as follows:
 [I]t shall be the joint duty of each spouse to support his or her family, and both shall be liable for: (1) The reasonable and necessary services of a physician or dentist; (2) hospital expenses rendered the husband or the wife . . . and (4) any article purchased by either which has in fact gone to the support of the family,
First enacted into law as part of the Married Womens' Act of 1877, Paquin, Ltd. v. Westervelt, 93 Conn. 513, 514-15 (1919), this section is "in derogation of the common law," and thus must be strictly construed in light of its limited purpose. Yale University School of Medicine, Collier, 206 Conn. 31, 37 (1988). That purpose, however, has been broadly defined as follows: "to permit a recovery by a third person for all articles which went for the sustenance or maintenance of the family. . . ." Paquin, Ltd. v. Westervelt, supra at 516. In view of that purpose, our Supreme Court has observed that the "[a]ct has had a liberal construction in favor of third persons who have furnished articles which have actually gone to the maintenance of the family household." Dubow v. Guttinello 111 Conn. 306, 308 (1930). Thus it is that instead of limiting spousal liability to "necessaries and things reasonable," Fitzmaurice v. Buck, 77 Conn. 390, 393 (1904), the Courts have routinely ruled that it extends to anything which has in fact gone to the support of the family. Howland Dry Goods Company v. Welch, 94 Conn. 265, 267 (1919).
Articles furnished to support the family include everything that goes to the sustenance and maintenance of the family. See Ferrigino v. Keasbey, 93 Conn. 445, 450 (1919), Paquin, Ltd. v. Westervelt, supra at 515. The word "maintenance" is synonymous CT Page 10537 with support, and refers to "`the provisions, supplies or funds needed to live on.'" Valante v. Valante, 180 Conn. 528, 532 (1980) (quoting Webster, Third New International Dictionary). By that definition, it is obvious that the provision of medical support and assistance to any family member falls well within the range of goods and services for which both husband and wife are liable under46b-37(b), and it has so been held by our courts. McPhee v. McPhee, 186 Conn. 167, 175 (1982) (citing 566-37(b) for the proposition that "[m]edical expenses are part of the family support obligation."); United States v. Edwards 72 F. Sup. 1527, 1537
(D. Conn. 1983) (Holding that under Connecticut law, the duty of a spouse to support his family "extends to the provision of necessities, that is, suitable clothing, lodging, food and medical attendance.") Thus it is that a Connecticut husband has an unavoidable statutory duty to pay for medical services rendered to his wife. Ginsberg v. Ginsberg, 127 Conn. 146, 148 (1940); Katz v. Cohn, 122 Conn. 338, 341 (1937).
For all of the foregoing reasons, the plaintiff's motion to cite in the defendant's husband is hereby granted, with the order that on or before December 17, 1993, the plaintiff must amend its Complaint to state facts showing the interest of Reginald Martin in this action, and must summon Reginald Martin to appear as a defendant in this action on or before January 20, 1994, by causing some proper officer to serve on him in the manner prescribed by law, a true and attested copy of this order and a true and attested or certified copy of the Complaint in this action, as amended, and due return make.
Kimberly Peterson-Staggs for plaintiff.
Clayman, Markowitz, Pinney Baram for defendant.