[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Citicorp, filed this action against the defendant, Guido Volpati, seeking to recover $4,999.14 for charges made on a master card account issued by the plaintiff in the name of the defendant. The plaintiff claims that an implied contract to pay for the charges exists CT Page 11671 between the plaintiff and the defendant. The defendant answered and denied the allegations of the complaint. He also raised two special defenses claiming that he did not enter an agreement with the plaintiff and that there was fraud in the procurement and use of the account.
From the testimony and the evidence submitted the court finds that the defendant's wife, Roberta Volpati, applied for and obtained the credit card. She, thereafter, made all of the purchases with the card. The purchases made with the card, however, have gone to the support of the family or for the joint benefit of both Roberta Volpati and the defendant, Guido Volpati.
General Statutes § 46b-37 (b) provides that ". . . it shall be the joint duty of each spouse to support his or her family, and both shall be liable for . . . (4) any article purchased by either which has in fact gone to the support of the family, or for the joint benefit of both."
It has been held that this section is in derogation of the common law and must be strictly construed in light of its limited purpose. YaleUniversity School of Medicine v. Collier, 206 Conn. 31, 37, 536 A.2d 588
(1988). That purpose, however, has been broadly defined as "to permit a recovery by a third person for all articles which went for the sustenance or maintenance of the family. . . ." Pacquin, Limited v. Westervelt,93 Conn. 513, 516, 106 A.2d 766 (1919). In view of this purpose, the "[a]ct has had a liberal construction in favor of third persons who have furnished articles which have actually gone to the maintenance of the family household." Dubow v. Guttinello, 111 Conn. 306, 308, 149A. 768 (1930).
Instead of limiting spousal liability to "necessaries and things reasonable," Fitzmaurice v. Buck, 77 Conn. 390, 393, 59 A. 415 (1904), liability extends to anything which "in fact has gone to the support of the family." Howland Dry Goods Co. v. Welch, 94 Conn. 265, 267,108 A. 510 (1919). The remedy of the statute rests "upon a finding that the purchases have in fact gone to the support of the family."Yale University School of Medicine v. Scianna,45 Conn. Sup. 84, 91, 701 A.2d 65 (1997).
From the testimony and the evidence submitted the court finds that the defendant's wife, Roberta Volpati, applied for and obtained the credit card from the defendant. She, thereafter, made all of the purchases with the card. The purchases made have gone to the support of the family or for the joint benefit of both Roberta Volpati and the defendant, Guido Volpati.
As the court finds that the credit card has been used for the support of the family, judgment may enter for the plaintiff in the amount of CT Page 11672 $4,999.14, plus costs.
Robert P. Burns, J.T.R.